Clifton R. VEACH, d/b/a Creative Products Company, Plaintiff-Appellant,

v.

VINYL IMPROVEMENT PRODUCTS COMPANY, INC.,
Defendant-Appellee.

Appeal No. 83–593.

United States Court of Appeals,
Federal Circuit.

Feb. 15, 1983.

Anthony D. Cennamo, Columbus, Ohio, for appellant.

Thomas R. Boland, Vorys, Sater, Seymour & Pease, Washington, D.C., for appellee.

Before MARKEY, Chief Judge, and SMITH and NIES, Circuit Judges.

ORDER

EDWARD S. SMITH, Circuit Judge.

On December 23, 1982, defendant-appellee Vinyl Improvement Products, Inc. (Vinyl), pursuant to Rule 27(a) of the Federal Rules of Appellate Procedure, filed this motion to dismiss the appeal of plaintiff-appellant Clifton R. Veach (Veach) from the August 3, 1982, and the September 3, 1982, orders of the United States District Court for the Southern District of Ohio, Eastern Division. On August 3, 1982, that court granted Vinyl's motion for summary judgment dismissing Veach's claim of patent infringement, but denied such motion with respect to Veach's trade secret claim. Discovery was closed by order of the court on September 3, 1982. Veach's motion for reconsideration of the court's August 3, 1982, grant of summary judgment was denied on October 28, 1982. The district court now has before it Vinyl's renewed motion for summary judgment on the trade secret claim.

Neither of the orders is appealable at this time. The jurisdiction of the Court of Appeals for the Federal Circuit is limited to the jurisdiction described in 28 U.S.C. §§ 1292(c), 1292(d), and 1295. Federal Courts Improvement Act of 1982, Pub.L. No. 97–164 § 124, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 36 (to be codified at 28 U.S.C. § 1291). Neither of the two orders appealed from fall within that limited grant of jurisdiction.

I.

The August 3 order denying summary judgment on the trade secret claim adjudicated fewer than all of Veach's claims. The district court did not direct the entry of final judgment on the patent infringement claim. The August 3 order, therefore, is not final with respect to any of the claims under Fed.R.Civ.P. 54(b). Since that order is not final, jurisdiction over the appeal is not proper in this court under either section 1292(c)(2) or section 1295 of title 28. Addi-

tionally, since the August 3 order did not grant, stay, or modify an injunction, jurisdiction is not proper under 28 U.S.C. § 1292(c)(1). We note also that jurisdiction is not proper under 28 U.S.C. § 1292(d). Thus, this court cannot, at this time, exercise jurisdiction over an appeal from the August 3 order of the district court, as that order does not fall within a specific grant of jurisdiction to this court.

## II.

The September 3 order closing discovery suffers from the same defects: it is not yet final, and it does not fall into one of the specific categories of interlocutory orders that are appealable to this court.

Accordingly, IT IS ORDERED THAT:

(1) Defendant-appellee's motion to dismiss the appeal is granted; and

(2) Plaintiff-appellant's appeal is dismissed.