713 F.2d 792
 219 U.S.P.Q. 6
 Horace D. HOLMES, Plaintiff and Third Party Plaintiff-Appellee,
v.
The BENDIX CORPORATION, Defendant-Appellee,
and
DETROIT TAP AND TOOL COMPANY, Third Party Plaintiff and
Third Party Defendant-Appellant,
v.
MICRODOT INC. Third Party Defendant-Appellee.
 Appeal No. 83-1179.
 United States Court of Appeals,
Federal Circuit.
 July 29, 1983.
 
 Thomas N. Young, Troy, Mich., for Horace D. Holmes.
 Neal A. Waldrop, Troy, Mich., for The Bendix Corp. and Microdot, Inc.; Malcolm R. McKinnon, Troy, Mich., of counsel.
 William J. Schramm, Mount Clemens, Mich., for Detroit Tap and Tool Co.; John E. Nemazi, Mount Clemens, Mich., of counsel.
 Before MARKEY, Chief Judge, NICHOLS and BENNETT, Circuit Judges.
 ORDER
 NICHOLS, Circuit Judge.
 
 
 1
 This action involves several parties and multiple issues of patent validity, infringement, unfair competition, and alleged violation of the antitrust laws. Detroit Tap and Tool Company (Detroit), third party plaintiff and third party defendant, did not in its pleadings seek injunctive relief. It moved under Fed.R.Civ.P. 56 for a summary judgment on the ground that without its own authorization, parties Bendix and Microdot had no license, express or implied, to practice the invention in litigation. Bendix and Microdot cross-moved, as did original plaintiff Holmes. None of the motions or cross-motions make any reference to injunctive relief, and it is apparent by reading Rule 56 itself, that summary judgment procedure is provided not for injunctive relief, but for recovery "upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment * * *."
 
 
 2
 The motion and cross-motion elicited a decision or order by District Judge Feikens to the effect, in summary, that Microdot, and Bendix by derivation from Microdot, have a license to practice the invention, to which the rights of Detroit are subordinate. This is on its face a declaratory judgment and makes no reference to injunctive relief, but Detroit says, and so far as we can see correctly says, that while it stands, injunctive relief for Detroit is precluded.
 
 
 3
 Detroit appeals from this summary judgment. Microdot and Bendix move to dismiss the appeal on the ground it is filed against an interlocutory order and we lack jurisdiction. We agree.
 
 
 4
 It is not asserted that Judge Feikens' order is a "final decision" appealable under 28 U.S.C. § 1295, as added to the Code by the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164. The pleadings reveal several issues remaining to be decided. It is contended on behalf of Detroit that the order is one "granting, continuing, modifying, refusing or dissolving injunctions * * *," as described in the amended § 1292. The argument is that an order may "refuse" an injunction if by its terms it makes an injunction impossible, even if in it, injunctions are never mentioned. Among other authorities, General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1942) is cited.
 
 
 5
 The motion cites and relies on a decision of this court, Veach v. Vinyl Improvement Products Co., 700 F.2d 1390, 217 USPQ 97 (Fed.Cir.1983). In that case there was a summary judgment dismissing an infringement claim, but one respecting trade secrets remained. We would have a hard time distinguishing this case if we held for appellant, but our decision for appellee rests on more besides this case.
 
 
 6
 Detroit itself selected the Rule 56 mechanism for adjudicating the express or implied license issue. From a mere reading of Rule 56, it would have known that the issue of injunctive relief would not be before the court. Other parties entered the Rule 56 arena with cross-motions. None of the motions alerted the judge that he was passing on injunctive relief indirectly. There is quite a possibility, if not a probability, that this silence about injunctive relief served to avoid eliciting any decision that would be immediately appealable, interrupting the smooth course of adjudication in the district court.
 
 
 7
 For this reason, we think an appellant from an interlocutory adverse Rule 56 decision at least must point out something he said or did to alert the court that it would be passing indirectly on the availability of injunctive relief. Otherwise, the congressional care in allowing appeals from interlocutory decisions denying injunctive relief, and not allowing them for appeals from summary judgments, or from declaratory judgments (unless disposing of the whole case), is made meaningless. We do not see much equity in a party choosing and invoking Rule 56 procedure, not merely being dragged into it, and then saying a Rule 56 summary judgment adjudicated something other than what Rule 56 says is before the court.
 
 
 8
 Accordingly, IT IS ORDERED that appellee's motion to dismiss the appeal is granted and the appeal is dismissed.