CHAPARRAL COMMUNICATIONS, INC., Appellant,

v.

BOMAN INDUSTRIES, INC., Appellee.

Appeal No. 86–1061.

United States Court of Appeals, Federal Circuit.

July 28, 1986.

Lewis H. Eslinger and William Pelton, of Eslinger and Pelton, of New York City, for appellant.

Russell R. Palmer, Jr., of Christie, Parker & Hale, Pasadena, Cal., for appellee.

Before MARKEY, Chief Judge, FRIEDMAN and ARCHER, Circuit Judges.

## ORDER

ARCHER, Circuit Judge.

*Background*

The court has before it the following motions and documents submitted by the parties:

(1) A motion by Boman Industries, Inc. (Boman) to dismiss;

(2) The response of Chaparral Communications, Inc. (Chaparral) in opposition to Boman's motion to dismiss;

(3) Boman's motion for leave to file a reply to Chaparral's opposition, with reply attached; and

(4) Chaparral's opposition to Boman's motion for leave or, in the alternative, its motion to file a surreply, with surreply attached.

Boman moves for dismissal of this appeal on the grounds that the partial summary judgment appealed from is not a final judgment from which an appeal lies and because determination under Rule 54(b) of the Federal Rules of Civil Procedure was expressly denied by the district court. Chaparral contends that the court has appellate jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1), (c)(1) (1982) because the decision appealed from implicitly denied injunctive relief.

The partial summary judgment of the district court being appealed held that Chaparral's design patent was unenforceable due to inequitable conduct, that Chaparral's trademark claims were waived by a settlement agreement in an earlier action, and that Chaparral pay Boman's attorney fees incurred with regard to the design patent and trademark claims. The district court reserved for trial Chaparral's utility patent and unfair competition claims. It also denied Chaparral's motion for a Rule 54(b) determination and this appeal followed.

*Discussion*

In general, this court reviews only final orders and decisions of a district court. 28 U.S.C. § 1295(a)(1) (1982). The adjudication of fewer than all the claims in a multi-claim action in the district court is not final unless the district court makes an express determination under Rule 54(b) that there is no just reason for delay and an express direction for the entry of judgment. Chaparral here sought a Rule 54(b) determination from the district court and was denied.

Chaparral admits, therefore, that the only possible source of jurisdiction here is our authority to consider interlocutory orders or decrees under § 1292(a), (c). In an attempt to jump this hurdle, Chaparral argues that the partial summary judgment had the effect of denying its request for injunctive relief. We find that Chaparral's position is unsupported by the facts and the law.

It is clear that a specific order denying an injunction is not required for appealability under § 1292. The court will look to the substance of the order, not merely its label. *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed.2d 408 (1932) (counterclaim for injunctive relief dismissed on jurisdictional grounds); *Electronic Data Systems Federal Corp. v. General Services Administration, Board of Contract Appeals*, 792 F.2d

1569 (Fed.Cir.1986) (grant of stay deemed to have effect of preliminary injunction); *Rhone-Poulenc Specialties Chimiques v. SCM Corp.*, 769 F.2d 1569 (Fed.Cir.1985) (denial of stay to permit arbitration). In each of these cases, injunctive-type relief was clearly at issue although the order was not specifically denominated as the grant or denial of an injunction.

Moreover, in applying this principle, the guidance of the Supreme Court in *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), must be followed. The Supreme Court stated:

> For an interlocutory order to be immediately appealable under § 1292(a)(1), however, a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence. *Baltimore Contractors, Inc. v. Bodinger, supra,* at 181 [75 S.Ct. at 252] [348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955)]. Unless a litigant can show that an interlocutory order of the district court might have 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

450 U.S. at 84, 101 S.Ct. at 997; *see also Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966).

This court, in *Holmes v. Bendix Corp.*, 713 F.2d 792 (Fed.Cir.1983), was confronted with facts very similar to the instant case. The district court had granted summary judgment on licensing issues but left several other issues unresolved. One of the parties appealed contending, on appeal, that the judgment would deprive it of injunctive relief. The court dismissed the appeal, reasoning:

> None of the motions [for summary judgment and cross-motions] alerted the judge that he was passing on injunctive relief indirectly.... For this reason, we think an appellant from an interlocutory adverse Rule 56 decision at least must point out something he said or did to alert the court that it would be passing indirectly on the availability of injunctive relief. Otherwise, the congressional care in allowing appeals from interlocutory decisions denying injunctive relief, and not allowing them for appeals from summary judgments, or from declaratory judgments (unless disposing of the whole case), is made meaningless.

713 F.2d at 793–94.

Chaparral has made no showing that it pointed out to the district court, either in conjunction with the summary judgment or the Rule 54(b) motion, its belief that the partial summary judgment would have the effect of denying the injunction. It attempts to distinguish *Holmes* [1] on the basis that its complaint specifically requested injunctive relief, whereas the *Holmes* pleadings contained no such request. However, the *Holmes* opinion makes plain that the district judge must be alerted in some manner that he may be required to pass on injunctive relief indirectly. When the complaint was filed many months earlier, Chaparral's reliance on its prayer for injunctive relief as sufficient to alert the court and to distinguish *Holmes* is disingenuous at best.

It should also be noted that the injunctive relief requested by Chaparral in its complaint was related to several of the counts and prayers for relief. For example, both patents *inter alia* were cited as grounds for the injunction requested. Thus, the judgment of invalidity of one

---

**1.** This court in *Veach v. Vinyl Improvement Products Co.*, 700 F.2d 1390 (Fed.Cir.1983), also dismissed an appeal from a partial summary judgment that did not expressly deny injunctive relief.

patent would not necessarily preclude injunctive relief as to the other patent. If, in fact, the partial judgment here was believed to have the practical effect of denying an injunction, it was incumbent upon Chaparral, considering the complexity of the pleadings and issues, to notify the district judge specifically of its belief and contention.

We are convinced that the district court, in ruling on the Rule 54(b) motion, carefully considered the competing equities and properly concluded that the need for an immediate appeal was clearly outweighed by the policy against piecemeal adjudication. The district judge noted that the case had been pending for nearly thirty months and that the factual issues underlying all counts were sufficiently intertwined that the separate appeal of the summary judgment counts would complicate trial of the remaining counts. Chaparral has failed to disclose any "serious, perhaps irreparable, consequence" flowing from the partial summary judgment and denial of Chaparral's Rule 54(b) motion. *Carson*, 450 U.S. at 84, 101 S.Ct. at 996–97.

Accordingly, IT IS ORDERED that:

(1) Boman's motion to dismiss is granted.

(2) Boman's motion for leave to file a reply is moot.

(3) Chaparral's motion for leave to file a surreply is moot.