JEWELERS VIGILANCE COMMITTEE, INC., Appellant,

v.

ULLENBERG CORP., Appellee.

Appeal No. 88–1094.

United States Court of Appeals, Federal Circuit.

Aug. 8, 1988.

Roberta Jacobs–Meadway, Panitch Schwarze Jacobs & Nadel, Philadelphia, Pa., argued, for appellant. With her on the brief, were William W. Schwarze and Ross J. Oehler.

Michael T. Platt, Berman, Aisenberg & Platt, Washington, D.C., argued, for appellee. With him on the brief, was Samuel D. Littlepage.

Before RICH, NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

Jewelers Vigilance Committee, Inc. (JVC) appeals from the final decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board, 5 USPQ2d 1622 (TTAB 1987) (*Jewelers III*), dismissing with prejudice its Opposition No. 69,744. JVC opposed Ullenberg Corp.'s trademark application Serial No. 426,312, filed May 17, 1983, to register "FOREVER YOURS/DEBEERS DIA. LTD." (in a particular display) for "precious stones, namely diamonds." The grounds alleged were a false suggestion of association and likelihood of confusion with the name DEBEERS of a third party, De-Beers Consolidated Mines, Ltd. (DBCM), under sections 2(a) and 2(d) of the Lanham Act, 15 U.S.C. §§ 1052(a), (d) (1982). The board held that JVC failed to state a claim under sections 2(a) or (d) because JVC did not allege that it had a proprietary right in the trade name DEBEERS on which its allegations were based. We reverse and remand with directions to grant JVC's motion for summary judgment.

I

This opposition was brought by JVC, a nonprofit trade association representing 2500 firms in the United States which are distributors and retailers of diamonds and diamond jewelry, pursuant to 15 U.S.C. § 1063 (1982). As grounds for opposition, JVC pleaded, *inter alia*, that Ullenberg was not entitled to register the claimed mark because the name DEBEERS was associated with DBCM, the major world source of diamonds, since long before Ullenberg's claimed date of first use; that the name DEBEERS was famous and was known to Ullenberg at the time of Ullenberg's first use; that the members of JVC had used the name DEBEERS and the DBCM slogan "A Diamond is Forever" in promoting diamond jewelry continuously since before Ullenberg's first use; and that the mark Ullenberg sought to register falsely suggests a connection between Ullenberg and DBCM, and is likely to cause confusion or deception of the trade and public to the injury of JVC, which attempts to police unfair and deceptive practices in the industry, as well as injury to its members. Thus, per JVC, registration to Ullenberg was precluded under section 2(a), which bars registration of matter which falsely suggests a connection with another, as well as under section 2(d), which bars registration of a mark likely to cause confusion with the trade name of another.[1]

---

**1.** Section 2 of the Lanham Act, 15 U.S.C. § 1052 (1982), states in pertinent part:

No trademark ... shall be refused registration ... unless it—

(a) Consists of or comprises ... deceptive ... matter; or matter which may disparage or falsely suggest a connection with persons, living or dead, institutions, beliefs, or national

In a previous appeal this court reviewed the TTAB's grant of Ullenberg's motion to dismiss on the ground that JVC had no standing to bring the opposition. The TTAB had held that JVC could not maintain the opposition because it did not claim to have proprietary rights in the name DE-BEERS on which the opposition was based. *Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 229 USPQ 860 (TTAB 1986) (*Jewelers I*). This court reversed the board's decision that JVC lacked standing and remanded for consideration of the merits. *Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021 (Fed.Cir.1987) (Bissell, J.) (*Jewelers II*). More particularly, the court, per Judge Bissell, held:

> There is no question that a trade association, having a real interest in the outcome of the proceedings, may maintain an opposition without proprietary rights in a mark or without asserting that it has a right or has an interest in using the alleged mark sought to be registered by an applicant. *See Tanners' Council [of America v. Gary Ind.]*, 440 F.2d 1404, 169 USPQ 608 (CCPA 1971); *The Scotch Whiskey Ass'n*, 204 USPQ 57 (TTAB 1979). This is true irrespective of the grounds upon which the opposer relies in asserting the nonregistrability of applicant's mark.

*Jewelers II*, 823 F.2d at 493, 2 USPQ2d at 2024.

On remand, the board then considered JVC's motion for summary judgment based on pleadings, depositions, answers to interrogatories and affidavits. *Jewelers III*, 5 USPQ2d at 1623. Ullenberg does not dispute the facts JVC asserted in its pleadings or the additional facts that Ullenberg does no business with DBCM and does not know which, if any, of its diamonds originate with DBCM. Ullenberg's position is that JVC's case fails on the merits because JVC cannot assert the rights of the third party DBCM in the name DEBEERS. The TTAB agreed, dismissing the opposition on the ground that JVC had to have proprietary rights in the name DEBEERS to maintain an opposition under either section 2(a) or 2(d) on the grounds of alleged false association or likelihood of confusion arising from Ullenberg's use of DEBEERS. We disagree for reasons that follow and hold that JVC established its entitlement to summary judgment as a matter of law.[2]

II

In reviewing the grant or denial of a motion for summary judgment in an opposition or cancellation, this court applies the same standard as the board, namely, the standard of Federal Rule of Civil Procedure 56 made applicable to proceedings before the TTAB by 37 C.F.R. § 2.116(a)(1987). Rule 56(c) provides in pertinent part that summary judgment shall be rendered forthwith if the pleadings and evidence of record "show that there is no genuine issue as to any material fact

---

symbols, or bring them into contempt, or disrepute.
....
(d) Consists of or comprises a mark which so resembles ... a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive....

**2.** While ordinarily the denial of summary judgment is interlocutory and not appealable, *see, e.g., United States v. Florian*, 312 U.S. 656, 656, 61 S.Ct. 713, 713, 85 L.Ed. 1105 (1941); *Veach v. Vinyl Improvement Prods. Co.*, 700 F.2d 1390, 1390 (Fed.Cir.1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure: Civil 2d* § 2715 at 636 (2d ed.1983), the decision appealed here was a final decision of dismissal. Fur-

ther, this court may review the merits of JVC's motion. *See, e.g., Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986); *UMC Elecs. Co. v. United States*, 816 F.2d 647, 657, 2 USPQ2d 1465, 1472 (Fed.Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988) (when facts are undisputed and issue is solely one of law, appellate court need not remand but may resolve issue); *see also* 28 U.S.C. § 2106 (1982) ("any ... court of appellate jurisdiction may ... direct the entry of such appropriate judgment ... as may be just under the circumstances."); 6 J. Moore & J. Wicker, *Moore's Federal Practice* pt. 2, ¶ 56.27[2], at 56–1562 (2d ed. 1987) ("an appellate court has the power to order summary judgment for appellant, both where he made no motion and also where he made a cross-motion in the trial court") (citations omitted).

and that the moving party is entitled to a judgment as a matter of law."

As the board recognized, the material facts in this proceeding are undisputed. *Jewelers III*, 5 USPQ2d at 1623 ("[Ullenberg] does not dispute that the material facts involved herein are not in controversy, but argues that those undisputed facts do not support the legal conclusions propounded by [JVC]."). Ullenberg argues on appeal, however, that certain statements of fact in JVC's brief are disputed. More particularly, Ullenberg challenges JVC's statement that Ullenberg adopted the mark FOREVER YOURS/DEBEERS DIA. LTD. to exploit the fame of the DEBEERS name and its slogan "A Diamond is Forever." JVC counters that an inference of intent is justified from the statements of Mr. Ullenberg, president of applicant, reported in a media interview: "No one ever told us we could not use the name. I don't think there is anyone that can stop us. Yes, people do recognize the name DeBeers when they hear of us. But that name just gives us the opportunity to [meet and] talk with new customers." *See* Csatari, *JVC Fights U.S. Firm's 'DeBeers' Trademark,* National Jeweler, Oct. 16, 1984, at 8.

■ Ullenberg argues that its president's statement is not evidence of wrongful intent but merely a comment that no customer confusion had occurred as a result of Ullenberg's use of DEBEERS. It is correct that, when ruling on a summary judgment motion, all *reasonable* factual inferences must be drawn in favor of the nonmovant. *See, e.g., United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.,* 853 F.2d 1557, 1560 (Fed.Cir.1988). However, we cannot read that statement as reasonably supporting that inference. Moreover, proof of intent to trade on another's goodwill, while persuasive evidence of likelihood of confusion, is not, in any event, a requirement under section 2(d). *See, e.g., Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.,* 799 F.2d 867, 875, 230 USPQ 831, 837 (2d Cir.1986) ("It must be remem-

bered, however, that intentional copying is not a requirement under the Lanham Act. Also, intent is largely irrelevant in determining if consumers likely will be confused as to source."); *Shoe Corp. of Am. v. Juvenile Shoe Corp. of Am.,* 266 F.2d 793, 795, 121 USPQ 510, 512 (CCPA 1959) (evidence of intent may influence the ultimate question of likelihood of confusion, but is not necessarily controlling). Thus, the dispute over whether the statement establishes wrongful intent is not here a material issue when JVC is, in any event, entitled to summary judgment on the ground of likelihood of confusion without considering that evidence.

■ Ullenberg also discredits the statement of a principal of Michaels Jewelers (a member of JVC) that he was confused by the promotion of a bank which advertised "The Great DeBeers Give-a-Way" and offered Ullenberg's jewelry in connection with a customer's purchase of a savings certificate. Because the give-away promotion does not use the exact trademark Ullenberg sought to register, Ullenberg asserts that the principal's testimony cannot be considered evidence bearing on the issue of likelihood of confusion with respect to the mark *sub judice.* We disagree. Although not controlling evidence, the bank's promotion under the DEBEERS name appears inextricably intertwined with Ullenberg's use of its alleged DEBEERS mark. Thus, we hold that the principal's testimony is relevant evidence and, not being discredited in any way, is competent. But, again, even without this evidence, our decision that there is a likelihood of confusion between the name DEBEERS and Ullenberg's alleged mark would not be changed.

Upon review of Ullenberg's list of facts which it alleges are material, and in genuine dispute, we discern none that meets the standard of Rule 56. The issues Ullenberg raises are either immaterial because not necessary to decide the merits, *see, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

the entry of summary judgment."), or not genuinely disputed because Ullenberg did not provide sufficient, favorable, factual evidence or bases for factual inference upon which a jury might return a verdict for Ullenberg, the nonmoving party, *id.* at 248–49, 106 S.Ct. at 2510; *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1564, 4 USPQ2d 1793, 1795 (Fed. Cir.1987). Accordingly, because there is no genuine issue of material fact, the question is whether JVC is entitled to judgment as a matter of law.

## III

### A

In the previous appeal, which dealt with the standing of JVC, this court was fully aware that JVC was asserting false association (section 2(a)) and likelihood of confusion (section 2(d)) with a trade name in which JVC had no proprietary rights. The court specifically noted that the board recognized that a trade association might maintain an opposition against the registration of a mark on the ground of descriptiveness of the alleged mark under section 2(e), 15 U.S.C. § 1052(e) (1982). The court also noted that it was the board's position, based on *Otto Roth & Co. v. Universal Foods Corp.,* 640 F.2d 1317, 209 USPQ 40 (CCPA 1981), that no opposition based on sections 2(a) or 2(d) could be sustained unless the opposer had a "proprietary right" in an allegedly conflicting trade name or mark. *Jewelers II,* 823 F.2d at 491–92, 2 USPQ2d at 2022–23. Nevertheless, in remanding, this court specifically held that JVC had standing "irrespective of the grounds upon which [JVC] relies in asserting the nonregistrability of [Ullenberg's] mark." *Id.* at 493, 2 USPQ2d at 2024.

We can discern nothing in the prior opinion which suggests that the case was remanded for the board to correct a technical error, namely, that JVC should have lost on the merits because of the lack of proprietary rights in the DEBEERS name rather than for lack of standing. In any event, standing and merits are inextricably intertwined. *See Otto Roth,* 640 F.2d at 1319, 209 USPQ at 42. In holding that JVC had standing, this court took into consideration that the claims JVC made of damage arose from an asserted trade identity of a third party.

Ordinarily, a person should not be heard on a third party's rights, that is, allowed to sue to vindicate the rights of another. Here, however, the trade association convincingly established that it was not a mere intermeddler in asserting a claim predicated on a third party's name and had sound reasons for fearing damage to itself and its members if Ullenberg's mark were registered. In sum, JVC asserted its own claim which happened to involve the proprietary rights of a third party. To establish its claim, it was incumbent on JVC to prove the allegations of its pleadings that such third-party rights existed. Thus, the mandate of this court was intended as an express direction to the board to consider the parties' evidence on the issue of false association and likelihood of confusion between Ullenberg's and DBCM's respective uses of DEBEERS. Nevertheless, because the board is no doubt well aware that it has no option but to comply with the mandate of this court,[3] we will assume the board somehow misunderstood that mandate and will proceed to address the basis for its holding, which appears to rest on a misapplication of *Otto Roth* to the facts of this case.

### B

Ullenberg argues that the *Otto Roth* decision explicitly holds that the *opposer* must have proprietary rights in a mark to prevail under section 2(a) or section 2(d). In particular, Ullenberg relies on the language of the opinion in *Otto Roth* which speaks of an "opposer" having such rights and an "opposer" having a right superior

---

**3.** An inferior court has no power or authority to deviate from the mandate issued by an appellate court. *Briggs v. Pennsylvania R.R.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948) (quoted with approval in *Northern Helex Co. v. United States,* 634 F.2d 557, 560, 225 Ct.Cl. 194 (1980)).

to his opponent. 640 F.2d at 1320, 1322, 209 USPQ at 43–45.

Ullenberg extracts the words, but not the import of the *Otto Roth* decision. Section 2(d) requires refusal of registration when the mark applied for "so resembles ... a mark or trade name previously used in the United States by another as to be likely ... to cause confusion, or to cause mistake or to deceive." As explained in *Otto Roth*, to sustain a charge of likelihood of confusion between the mark applied for and a prior mark requires that the latter, in fact, function as a mark, that is, as an indication of source. *Id.* at 1322, 209 USPQ at 44–45.

■ *Otto Roth* dealt with the usual situation where the opposer was asserting likelihood of confusion with its own alleged mark and the language of the opinion was tailored to the particular facts of that case. Where an opposer asserts likelihood of confusion because of its prior use of what appears to be a merely descriptive term, as in *Otto Roth*, the opposer must show that such term has come to identify the opposer as the source of goods or services. As stated therein:

> [Y]et it is equally clear that if an opposer's alleged means of trade designation is not distinctive—does not identify source—then there is no basis upon which to compare such a thing with the applicant's mark to determine whether confusion as to source is likely.

*Id.* at 1321, 209 USPQ at 44. As explained in *Otto Roth*, a person's acquisition of source-indicating significance in a particular name or term gives that person proprietary rights in the sense that "the law [will] prevent others from using it or something so similar as to be likely to cause public confusion as to source." *Id.* at 1321, 209 USPQ at 44. Without such proprietary rights, an allegation of likelihood of confusion cannot be established. However, the *Otto Roth* references to an "opposer" having such proprietary rights cannot simplistically be applied to the case *sub judice*.

■ The substance of the holding of *Otto Roth* is that likelihood of confusion cannot be established unless the prior use on which the opposition is based is, in fact, a mark *indicating source in another*. Applying the substance of the *Otto Roth* decision to the different situation here, JVC had to establish as an element of its case that the name DEBEERS indicated DBCM as a source for diamonds. Without that predicate, JVC's allegation of false association or likelihood of confusion would necessarily fail because no confusion as to the *source* of Ullenberg's goods can arise with a name or term which does not indicate source. The *Otto Roth* analysis does mean that someone must have proprietary rights in the name DEBEERS, but such rights need not reside in the opposer if the opposer otherwise has standing to bring the opposition.

## IV

■ Having disposed of the principal contention of Ullenberg, we turn to the merits of JVC's motion for summary judgment and conclude that JVC is entitled to judgment as a matter of law on the issue of likelihood of confusion between the name DEBEERS and the mark Ullenberg seeks to register incorporating DEBEERS.

Whether Ullenberg's use of DEBEERS in the mark it seeks to register creates a likelihood of confusion with DBCM is a question of law which may be resolved on summary judgment when there are no genuine issues of material fact in dispute. *See, e.g., Sweats Fashions,* 833 F.2d at 1565, 4 USPQ2d at 1797. That question is resolved by considering a variety of factors, each of which may play a more dominant role depending on the particular circumstances of the respective uses. *See In re DuPont de Nemours,* 476 F.2d 1357, 1361–62, 177 USPQ 563, 567–68 (CCPA 1973). Although Ullenberg gives scant attention to the merits of this charge, we have, nevertheless, considered the undisputed facts of record in light of all of the relevant *DuPont* factors and conclude that JVC's summary judgment motion must be granted. The admissions and undisputed evidence of record support only the conclusion that the mark Ullenberg seeks to register for diamonds is likely to cause confu-

sion with the admittedly famous name DE-BEERS. No dispute is raised with respect to the alleged fact that the name DE-BEERS has an established trade identity in the United States in connection with diamonds. We note particularly the factors of the fame of DEBEERS as a source for diamonds, the unusual nature of the name, and the identity of Ullenberg's goods with those associated with DBCM. The record also conclusively establishes that JVC and its members will be damaged if such confusion occurs.

Because JVC has established that registration of Ullenberg's alleged mark is precluded under section 2(d), we need not address the alternative section 2(a) grounds.[4]

## V

For the foregoing reasons the board's decision dismissing JVC's opposition with prejudice for failure to state a claim upon which relief can be granted is reversed, and the case is remanded with directions that the board grant JVC's motion for summary judgment.

*REVERSED AND REMANDED.*

**4.** All outstanding procedural motions filed in this appeal are denied.