895 F.2d 1421
 17 U.S.P.Q.2d 1318
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DEN-MAT CORPORATION, Appellant,
v.
BLOCK DRUG CO., INC., Appellee.
 No. 89-1633.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1990.
 
 Before MARKEY, Chief Judge, and NIES and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Den-Mat appeals from the decision of the United States Patent and Trademark Office's Trademark Trial and Appeal Board (Board), Block Drug Co., Inc. v. Den-Mat, Co., Inc., Opposition No. 74,220 (TTAB Apr. 25, 1989), sustaining Block Drug's opposition and denying Den-Mat registration of the mark POWER DENT for denture cleanser. We affirm.
 
 OPINION
 
 2
 Block Drug alleged Den-Mat's POWER DENT mark created a likelihood of confusion with Block Drug's previously registered POLIDENT mark. Likelihood of confusion precludes registration. 15 U.S.C. Sec. 1052(d) (1988). Whether the mark sought to be registered is likely to cause confusion, here in the minds of purchasers of denture cleanser, is a question of law. Jewelers Vigilance Comm., Inc. v. Ullenberg Corp., 853 F.2d 888, 893, 7 USPQ2d 1628, 1632 (Fed.Cir.1988). We therefore consider independently all the evidence in relation to the 13 factors set forth in In re E.I. DuPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973).
 
 
 3
 Appellant argues the Board erred in applying the DuPont factors concerning similarity in appearance and sound, channels of trade, consumers, and actual confusion, and therefore wrongly held there was such similarity as to likely cause confusion.
 
 Sound and Appearance
 
 4
 We must examine the "similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression." Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1570, 218 USPQ 390, 395 (Fed.Cir.1983). We determine there is overall similarity. First, both marks have the same initial two letters and final four letters, the same number of syllables, and identical third syllables, which creates considerable phonetic similarity. The sounds of the marks, POWER DENT and POLIDENT, are more like one another than POLIDENT is like EFFERDENT or PEPSODENT, two other existing registrations for consumer dental products. Moreover, confusion may arise from oral use at least as often as it may from visual use. Second, Den-Mat claims a slightly stylized depiction of POWER DENT--two words in block lettering. There is an obvious visual difference between a two-word and one-word mark, but here the difference is not great enough to overcome the similarities between POWER DENT as applied for and POLIDENT as registered. Finally, the marks have similar connotations and leave consumers with similar overall commercial impressions.
 
 Channels of Trade
 
 5
 "[I]n the absence of specific limitations in the registration," the court assum es use of the mark will include "all normal and usual channels of trade and met hods of distribution." Squirtco v. Tomy Corp., 697 F.2d 1038, 1042-43, 216 USP Q 937, 940 (Fed.Cir.1983). Both Den-Mat and Block Drug distribute their produc t through dentists and retail drugstores. Den-Mat's POWER DENT is also distrib uted through mail orders. Den-Mat presented conflicting evidence on its retail distribution: its president stated the POWER DENT product is sold to pharmaci es but a Den-Mat employee stated that the POWER DENT product is sold in only on e drugstore. Although there may be differences in the present methods of distr ibution, Den-Mat's application does not exclude drug stores. Any differences i n present channels of trade are immaterial since all of Block Drug's channels, including retail drugstores, could be used by Den-Mat without limitation. Thus, as a matter of law, we must consider the channels of trade to be substantiall y identical.
 
 Consumers
 
 6
 It is undisputed that the consumers of POWER DENT and POLIDENT products are the same: denture wearers. Appellant argues the Board improperly took judicial notice that "the products are frequently purchased and used by elderly individuals whose aural and visual senses may be impaired." Block Drug, slip op. at 7 (emphasis added). That was not improper judicial notice because the record reflects that the typical consumer is 55 years of age or older and certainly elderly consumers "may" be aurally and/or visually impaired. Contrary to Den-Mat's argument, the Board did not state, nor imply, that consumers of denture cleansers are impaired, much less that most users are senior citizens. Even had the Board improperly taken judicial notice of consumer characteristics, any error would be harmless as there remains adequate legal and factual grounds for the Board's decision as set forth in its opinion.
 
 Actual Confusion
 
 7
 Actual confusion between the two marks was not proven, but it is not needed to demonstrate a likelihood of confusion. See Giant Food, Inc., 710 F.2d at 1571, 218 USPQ at 396. Appellant argues the Board improperly gave "no weight" to the absence of actual confusion. That argument is not supported by the record; the Board merely stated "it is not necessary that actual confusion be proved." Block Drug, slip op. at 8.
 
 Fame of Opposer's Mark
 
 8
 Although not argued by appellant, we must observe that the record reflects that the POLIDENT mark has been registered since 1936 and for many years POLIDENT denture cleaner has been widely advertised on television. Given the undisputed fame and applicant's admitted knowledge of the POLIDENT mark, applicant had an affirmative duty to steer clear of the POLIDENT mark and to select a mark not confusingly similar to POLIDENT. See American Rice, Inc. v. H.I.T. Corp., 231 USPQ 793, 797 (TTAB 1986). It failed to do so.
 
 
 9
 After considering each DuPont factor supported by evidence in the record and argued on appeal, we hold that applicant's POWER DENT trademark so resembles opposer's registered POLIDENT mark that it is likely to cause confusion, and accordingly was properly refused registration under 15 U.S.C. Sec. 1052(d). The decision of the Board is therefore affirmed.
 
 
 10
 NIES, Circuit Judge, dissents.