36 F.3d 1114
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SONOCO PRODUCTS CO., Petitioner.
 Misc. No. 401.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Sonoco Products Co. petitions for a writ of mandamus to direct the United States District Court for the Central District of California to (1) vacate its order granting summary judgment of invalidity of three claims of a reissue patent or (2) direct the district court to grant entry of an appealable final judgment pursuant to Fed.R.Civ.P. 54(b).
 
 
 2
 Briefly, Sonoco sued Plasco Press Co. and Durabag Co., Inc. for infringement of its patent. Plasco counterclaimed for declaratory relief and unfair competition. Plasco moved for summary judgment that claims 1-20 of the patent were not infringed and that claims 21-23 were invalid. Claims 21-23 were the three claims added in the reissue patent that were not included in the original patent. Sonoco states that the motion for summary judgment of invalidity was supported only by a copy of the file history of the patent.
 
 
 3
 The district court granted Plasco's motions. In its discussion concerning invalidity, the district court recited the statutory presumption of validity in 35 U.S.C. Sec. 282 and the "clear and convincing evidence" standard of proof for the party asserting invalidity. The district court stated:
 
 
 4
 The level of deference to be given to the Patent examiner's findings is unclear. Compare American Hoist, 725 F.2d at 1359-60 (finding that when no prior art or other invalidating evidence other than that which was already considered by the patent examiner is relied on by the attacker, the attacker has the added burden of overcoming the deference that is due to a qualified government agency that is presumed to have done its job) with Quad Environmental Tech. v. Union Sanitary Dist., 946 F.2d 870, 876 (Fed.Cir.1991) ("The Courts are the final arbiter of patent validity and, although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide, without deference to the ruling of the patent examiner.")
 
 
 5
 In its order granting summary judgment for Plasco, the district court concluded that reissue patent claims 21-23 were not "for the invention disclosed in the original patent," 35 U.S.C. 251, and that claims 21-23 were "broadened in a manner directly pertinent to the subject matter surrendered during prosecution" such that the recapture rule barred acquiring the claims in the reissue patent. Meanwhile, Durabag's motion for summary judgment of noninfringement was denied. Trial of the infringement action against Durabag, and possibly of Plasco's counterclaims, remains.
 
 
 6
 Sonoco and Plasco jointly moved for certification of the district court's February 15 order pursuant to Fed.R.Civ.P. 54(b). The district court denied the motion and thereafter denied reconsideration, noting that R. 54(b) certification was inappropriate because "an appeal at this stage would impede the expeditious resolution of this matter" and that that was a "just reason to delay this action." See Fed.R.Civ.P. 54(b) ("the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay").
 
 
 7
 Sonoco argues that the district court "badly misconstrued the effect of the statutory presumption of validity" and that the district court "thought that the law was 'unclear' concerning the level of deference that must be given to Patent Office decisions." Sonoco argues that, after the initial reference to 35 U.S.C. Sec. 282, the district court "never again referred to the presumption of validity, to Section 282, or to the clear and convincing standard of proof," and "never referred to the decision of the United States Patent and Trademark Office to grant claims 21-23 nor did it acknowledge that the application was approved by the Quality Review Division prior to issuance." Sonoco also argues that the district court did not mention in its order that a "similar challenge" to the validity of claims 21-23 was denied by a different district court in an order denying summary judgment of invalidity. Sonoco notes that, in In re Mark Industries, 751 F.2d 1219, 1222 (Fed.Cir.1984), this court issued mandamus to direct a district court to vacate its order that clearly voided the statutory presumption of patent validity.
 
 
 8
 Mandamus is entirely inappropriate in these circumstances. "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek" and carry "the burden of showing [their] right to the issuance of the writ is 'clear and indisputable.' " Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations omitted). Sonoco has not shown that it lacks "adequate alternative means to obtain the relief" it seeks because on appeal after final judgment Sonoco may challenge the district court's conclusions concerning validity. Sonoco's argument that it will be "subjected to the burden of a trial where the earlier decision clearly will be reversed" assumes that the district court committed clear error, as did the district court in Mark Industries. In Mark Industries, the district court ordered, as a sanction against counsel for alleged misconduct, that the statutory presumption of validity would not apply in that infringement suit. Without addressing the merits of Sonoco's arguments any further, we note that Sonoco has not shown such clear error in this case. To determine whether the district court erred in deciding invalidity, this court would be required to review the merits of the district court's order by mandamus. Such interlocutory review is, absent certification of the order, improper.
 
 
 9
 Concerning the district court's refusal to certify an order as final pursuant to R. 54(b), we note that the district court's determination whether there a just reason for delay "is reviewed under an abuse of discretion standard." W.L. Gore & Assoc., Inc. v. International Medical Prosthetics Research Assoc., Inc., 975 F.2d 858, 862 (Fed.Cir.1992). As a matter confined to the district court's discretion, "it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' " Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (citation omitted). Cf. Jeannette Sheet Glass Corp. v. United States, 803 F.2d 1576, 1581 (Fed.Cir.1986) (discussing general proposition that a refusal to grant R. 54(b) certification is not a ground for appellate action); Chaparral Communications, Inc. v. Boman Indus., 798 F.2d 456, 459 (Fed.Cir.1986) (district court, in its discretion, determined that the "need for an immediate appeal was clearly outweighed by the policy against piecemeal adjudication" and thus the appellant failed to establish a "serious, perhaps irreparable, consequence" permitting review of an interlocutory order). The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). Sonoco argues that the district clearly abused its discretion in denying R. 54(b) certification because both Sonoco and Plasco requested certification. The parties may not, by consent, decide an issue committed to the district court's discretion. Sonoco's arguments are without merit.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 Sonoco's petition for a writ of mandamus is denied.