THE NAUTILUS GROUP, INC. f/k/a
Direct Focus, Inc., a Washington
corporation, Plaintiff,

v.

ICON HEALTH AND FITNESS, INC.,
a Delaware corporation,
Defendant.

Icon Health And Fitness, Inc.,
a Delaware corporation,
Counterclaimant,

v.

The Nautilus Group, Inc., a Wash-
ington corporation, Counter-
claim Defendant.

No. C02–2420P.

United States District Court,
W.D. Washington,
at Seattle.

Oct. 27, 2003.

See also 308 F.Supp.2d 1198, 2003 WL
23330841 and 308 F.Supp.2d 1217, 2003
WL 23330864.

Gary Jan Strauss, Garvey Schubert Bar-
er, Seattle, WA, Keith Dubanevich, Garvey
Schubert Barer, Portland, OR, Mark S.
Carlson, Paul T Meiklejohn, Dorsey &
Whitney LLP, Seattle, WA, for Plain-
tiff/Counter Defendant.

Brent P Lorimer, L Rex Sears, Larry R
Laycock, Robyn L Phillips, Sterling A
Brennan, Thomas R Vuksinick,Workman
Nydegger & Seeley, Salt Lake City, UT, J
Lawrence Wright, Halverson & Applegate,
Yakima, WA, Stephen J Kennedy, Ater
Wynne, Seattle, WA, Stephen T Parkinson,
Groff Murphy Trachtenberg & Everard,

PLLC, Seattle, WA, for Defendant/Counter Claimant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT AND STRIKING PLAINTIFF'S SURREPLY

PECHMAN, District Judge.

Before the Court is Defendant's Motion for Entry of Final Judgment dismissing Plaintiff's patent infringement claims and for a stay of the trial on Defendant's invalidity counterclaims. (Dkt. No. 194.) The Court has considered all of the pleadings and supporting materials from the parties. For the reasons outlined below, the Court DENIES the motion to stay the trial of the invalidity counterclaims; instead the Court DISMISSES without prejudice Defendant's invalidity counterclaims. The Court GRANTS Defendant's Motion for Entry of Final Judgment under Fed. R.Civ.P. 54(b). Additionally, Plaintiff's surreply is STRICKEN because it is improper under Local Rule CR 7(g). In the surreply, Plaintiff reargued positions it argued in its response brief. This is not a proper use of the surreply motion to strike allowed for under the Local Rules.

Consequently, the following pending motions relating to the patent infringement claims and counterclaims are hereby STRICKEN as moot: 1) Defendant's Motion to Compel, (Dkt. No. 127); 2) Plaintiff's Motion Requesting Oral Argument on Defendant's Motion to Compel, (Dkt. No. 140); 3) Defendant's Motion for Protective Order, (Dkt. No. 148); 4) Plaintiff's Motion in Limine to Strike the Testimony of Mark A. Lewis, (Dkt. No. 185 & 187); 5) Plaintiff's Motion for Summary Judgment on Defendant's §§ 101, 102, 112, Lack of Standing, and Equitable Defenses, (Dkt. No. 183); 6) Plaintiff's Motion for Summary Judgment on Defendant's § 103 defense, (Dkt. No. 210); 7) Joint CR 37 Submission re Production of Documents Listed on Plaintiff's Privilege Log, (Dkt. No. 197); 8) Joint CR 37 Submission re Defendant's Motion to Compel and Supplement to Joint 37 Submission, (Dkt. No. 199 & 195 respectively); and 9) Joint CR 37 submission re Plaintiff's Motion to Compel Production of CrossBow Patent Applications and Prosecution Histories, (Dkt. No. 202).

Lastly, Plaintiff's October 21 filing of a Motion for Relief From the Court's Partial Summary Judgement Orders will not prevent this Court from ruling on the Motion for Entry of Final Judgment. (Dkt. No. 229.) The Motion for Relief will not be ripe until November 7. The Court notes that, based on the initial pleading, Plaintiff's Motion for Relief does not appear to be meritorious. Plaintiff argues that newly discovered evidence warrants relief from this Court's claim construction issued in May, 2003. The evidence consists of an opinion written by Defendant's counsel on non-infringement, which the Court had compelled to be produced. There is no indication that the opinion contains newly discovered *facts* that would change the claim construction. Moreover, Plaintiff learned of this evidence on September 11, but did not file this motion until October 21, 14 days after Defendant filed its Motion for Entry of Final Judgment. Plaintiff may not hold over consideration of the ripe Motion for Entry of Final Judgment by filing a twelfth hour Motion for Relief based on new evidence consisting of an opinion by Defendant's counsel. Given the fact that the Court deems entry of final judgment warranted, the Court will not have jurisdiction to consider Plaintiff's Motion for Relief when it becomes ripe on November 7. Therefore, the motion is STRICKEN as moot.

BACKGROUND

Plaintiff The Nautilus Group, Inc. ("Nautilus") sued Defendant Icon Health

and Fitness, Inc. ("Icon") for patent infringement of U.S. Patent Nos. 4,620,704 ("the '704 patent") and 4,725,057 ("the '057 patent"), trademark infringement, false designation of origin, trademark dilution, violation of the Washington Consumer Protection Act, and unfair competition under Washington common law. (Dkt. No. 41.) Icon counterclaimed for declaratory judgment of non-infringement of either patent, declaratory judgment of invalidity of both patents, antitrust violations, and patent misuse. (Dkt. No. 60.)

On May 16, 2003, the Court issued an Order denying Nautilus' Motion for a Preliminary Injunction, denying Nautilus' Motion for Summary Judgment of Non-infringement, and granting Icon's Motion for Summary Judgment of Non-infringement. As part of that Order, the Court construed a disputed claim in one of the patents. Once the disputed claim was construed, the Court found that there was no literal infringement of either patent. On May 20, Nautilus' appealed the denial of preliminary injunction. The Federal Circuit has not yet issued an opinion.

On October 6, the Court issued an Order granting Icon's Motion for Summary Judgment of Non-infringement Under the Doctrine of Equivalents. Relying in part on the Court's previous claim construction, the Court concluded that there was no infringement by equivalents.

On September 19, the Court signed the parties' stipulation to bifurcate and stay certain claims, defenses, and counterclaims. (Dkt. No. 180.) The patent infringement claims and the counterclaim of invalidity were bifurcated from all of the other claims, defenses, and counterclaims, including patent misuse. The latter were stayed until resolution of the patent infringement claims.

Icon now moves to enter final judgment dismissing Nautilus' claims for patent infringement under Fed.R.Civ.P. 54(b) and for a stay of the trial on its invalidity counterclaims.

## ANALYSIS

### I. Dismissal of the Invalidity Counterclaims

The Court concluded in its two summary judgment Orders that Icon's CrossBow exercise machine does not infringe literally or equivalently Nautilus' two patents for its BowFlex exercise machine. As such, it would appear that Icon's counterclaims of invalidity may be moot. Icon suggested that if the Court's finding of no literal or equivalent infringement were affirmed on appeal, Icon would then likely voluntarily dismiss its invalidity counterclaims. (Def's Mot. for Entry of Final Judgment at 5.) Similarly, in its reply brief, Icon suggests that the Court could dismiss without prejudice its invalidity counterclaims rather than staying them. (Def's Reply at 4 n. 4.) In contrast, Nautilus wants to move forward on the invalidity claims. However, when Nautilus amended its complaint after Icon had alleged invalidity counterclaims, Nautilus did not seek declaratory judgment that its patents were valid. Thus, Nautilus has no legitimate interest in forcing Icon to prosecute its invalidity counterclaims. It appears to this Court that there is no logical reason why Nautilus should want to defend its patents against invalidity charges other than to create a delay in the hope that the Federal Circuit will issue a decision on its preliminary injunction appeal.

The district court has the discretion to dismiss invalidity counterclaims after granting summary judgment that there is no infringement literally or equivalently. *Nystrom v. TREX Co., Inc.,* 339 F.3d 1347 (Fed.Cir.2003). *Nystrom* distinguished this situation from that prohibited by the Supreme Court in *Cardinal Chemical Co.*

*v. Morton International, Inc.*, 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993). In *Cardinal Chemical,* the Supreme Court reviewed the common Federal Circuit practice of vacating declaratory judgments on invalidity as moot when the court had also concluded that there was no infringement. The Supreme Court held that the Federal Circuit may not vacate these types of declaratory judgments. *Id.* at 96–97. The Federal Circuit has since clarified that *Cardinal* "does not preclude the discretionary action of a district court, in an appropriate case, in dismissing an invalidity counterclaim without prejudice when it concludes a patent is not infringed." *Nystrom,* 339 F.3d at 1351.

█ It is clear that Icon does not wish to proceed with its invalidity counterclaims now that the Court has granted summary judgment finding no literal or equivalent infringement. This Court is disinclined to force Icon to proceed with a counterclaim that it does not wish to prosecute at this stage, given the current posture of the case. This is unlike the situation in *Lockwood v. American Airlines, Inc.* where the defendant wanted to pursue his invalidity counterclaims even though the court had already granted summary judgment finding no infringement. 1993 WL 643369 (S.D.Cal.1993). It is also clear that should the Court's conclusion regarding non-infringement literally or equivalently be reversed on appeal, Icon should be entitled to retain the right to re-assert its invalidity counterclaims. Therefore, Icon's invalidity counterclaims are DISMISSED without prejudice. As such, the motion to stay the trial of the invalidity counterclaims is DENIED.

## II. *Entry of Final Judgment Under Rule 54(b)*

█ Rule 54(b) judgment may be entered prior to the resolution of the entire case "[w]hen more than one claim for relief is presented in an action, whether as a claim [or] counterclaim, ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b) (2003).

The district court must first determine that the decision in question is indeed a "final judgment." *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotations omitted). Next, the court must decide whether, in its discretion, there is any just reason for delay. The court may consider such factors as whether the claims under review are separable from the other claims remaining to be adjudicated, and "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals[,]" as well as judicial administrative interests. *Id.* at 8, 100 S.Ct. 1460.

All of Nautilus' remaining claims and Icon's remaining counterclaims are separable from the patent infringement claims. The parties requested that the Court bifurcate those claims from the patent claims. Thus, the case has been cleanly divided such that entry of final judgment would not affect the bifurcated claims. Moreover, because the Court dismisses Icon's invalidity counterclaims, there are no remaining patent infringement claims or counterclaims to be decided. Given this fact, there is no just reason for delay in allowing the parties to obtain final judgment on the patent infringement claims in this law suit. See *W.L. Gore v. International Medical Prosthetics Research Asso-*

*ciates, Inc.,* 975 F.2d 858, 863–64 (Fed.Cir. 1992) (holding that Rule 54(b) certification was proper where district court had bifurcated infringement claims and antitrust and patent misuse counterclaims and had found no infringement). This is unlike *Chaparral Communications, Inc. v. Boman Industries, Inc.* where the issues decided in a partial summary judgment that the patent was unenforceable due to inequitable conduct and that trademark claims were waived were too intertwined with the utility patent and unfair competition claims to warrant certification under Rule 54(b). 798 F.2d 456, 459 (Fed.Cir.1986).

The parties dispute whether the judicial administrative interests weigh in favor of or against entry of final judgment. They also dispute whether entry of final judgment would have the effect of preventing or requiring the appellate court decide the same issues more than once. Essentially, their argument is over whether the Federal Circuit's decision on the preliminary injunction would likely be tentative or final in nature. Icon argues that the ruling would be tentative in nature because the appellate court would be reviewing the preliminary injunction, not the summary judgment. Moreover, the fact that the Court has already reached the underlying merits of the infringement claim moots the preliminary injunction. Thus, there is no need to preserve the court's ability to provide preliminary injunctive relief. Nautilus argues that entering final judgment and certifying the case under Rule 54(b) would create piecemeal litigation because it would render moot the appeal of the preliminary injunction that is currently pending at the Federal Circuit, and the appeal process will have to start over from the beginning. This will be inefficient because it will have the effect of disregarding all the time and resources that went into the preliminary injunction appeal. According to Nautilus, the appellate review is likely to be definitive and the final word on

the claim construction and non-literal infringement since the preliminary injunction was issued at the same time as the summary judgment. In other words, Nautilus maintains that the appellate court would likely reach the merits of the summary judgment motion. This justifies waiting for the Federal Circuit's decision and not entering final judgment.

Nautilus' argument is unpersuasive. There is no guarantee that the ruling by the Federal Circuit will be final as to the claim construction and finding of no literal infringement. The issue before the Federal Circuit is the preliminary injunction, not the summary judgment. The standard governing preliminary injunction is likelihood of success on the merits. This is a very different standard from that governing summary judgment. Thus, theoretically, the Federal Circuit's decision will be limited in nature because it will analyze the case based on a likelihood of success standard. *See Oakley, Inc. v. Sunglass Hut International,* 316 F.3d 1331, 1339, 1342 (Fed.Cir.2003) (applying a likelihood of infringement analysis in reviewing district court's order granting a preliminary injunction against alleged patent infringer). In fact, one might argue that the Federal Circuit is precluded from reaching the underlying merits of the summary judgment precisely because there was no entry of final judgement under Rule 54(b) for the summary judgment order. Furthermore, the Federal Circuit's upcoming decision on the preliminary injunction is likely moot at this point because the Court has already decided the underlying merits of the patent infringement claims. In any event, speculative as this assessment is, it is clear that the ruling will not address the issue of infringement under the doctrine of equivalents. As such, it will not be final on the question of infringement.

Moreover, the interests of judicial economy appear to weigh in favor of entering final judgment so that the Federal Circuit can resolve the infringement claims in one single proceeding. If the Federal Circuit were to affirm the Court's preliminary injunction, then the appellate court would likely have to revisit the infringement claim given the likelihood that Nautilus would appeal the two summary judgement orders that decided the merits of the patent infringement case. Even if the Federal Circuit were to reach the merits and affirm the summary judgment finding no literal infringement, there would still remain the summary judgment finding no infringement under the doctrine of equivalents. Conversely, if the Federal Circuit were to reverse the Court's preliminary injunction, then the Court would have to either reconstrue the claim and apply it anew, or apply the appellate court's construction; that application would then likely be appealed. By entering final judgment on the infringement issues, if Nautilus choses to appeal, the Federal Circuit would review all of the infringement issues at once. Thus, judicial economy interests weigh in favor of entering final judgment.

Lastly, Nautilus argues that Icon has failed to show the requisite prejudice that it would suffer if the Court does not enter final judgment. However, the Supreme Court made clear in *Curtiss–Wright* that the moving party need not necessarily show that it is the "infrequent harsh case" to justify entering final judgment. 446 U.S. at 10–11, 100 S.Ct. 1460. Instead, *Curtiss–Wright* made clear that there are no bright line rules or standards governing this determination; it is necessarily a fact specific determination. In this situation, the Court finds that it would be prejudicial to Icon to force it to try a claim that it does not wish to try given the current posture of the case. Thus, this is not analogous to the situation the district court faced in *Sure–Safe Industries, Inc. v. C & R Pier Mfg.*, 851 F.Supp. 1469 (S.D.Cal. 1993). A trial that has no purpose is the rankest form of squandering judicial resources.

The Court notes that it appears from the briefing on this motion that each party's central concern is the timing of the pending Federal Circuit decision. Icon may very well want to preempt any decision by the appellate court and attempts to seek entry of final judgment to do so. In contrast, Nautilus wants to allow the decision to be issued. As part of this tactic, the Court further notes that Nautilus appears to have taken every possible opportunity to file motions and additional briefings before this Court, perhaps with the goal of slowing the Court down in the hope that the Federal Circuit will issue its decision in the interim. While the parties invite the Court to join in their speculation about which party likely had the upper hand in the oral argument before the Federal Circuit and how that court is likely to rule, the Court declines to do so. This Court has no objective way to evaluate each party's wishful thinking. Regardless of which party might prevail, the Court finds that there is no just reason for delay in entering final judgment on the patent infringement claims now that Icon's invalidity counterclaims have been dismissed.

## CONCLUSION

For the foregoing reasons, Icon's invalidity counterclaims are DISMISSED without prejudice. As such, Icon's motion to stay the invalidity counterclaims is DENIED. Icon's motion for entry of final judgment dismissing Nautilus' patent infringement claims is GRANTED. Additionally, Plaintiff's surreply is STRICKEN because it is improper under Local Rule CR 7(g). The Court notes that with the resolution of the patent infringement

claims, the bifurcated claims and counter-claims are no longer stayed and can proceed accordingly.

The Clerk is directed to send copies of this order to all counsel of record.