The UNITED STATES, Appellant,

v.

W.H. MOSELEY COMPANY, Appellee.

Appeal No. 83–1227.

United States Court of Appeals,
Federal Circuit.

March 26, 1984.

Sara V. Greenberg, Washington, D.C., argued for appellant. With her on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

John L. Runft, Boise, Idaho, argued for appellee.

Before RICH, BENNETT and SMITH, Circuit Judges.

BENNETT, Circuit Judge.

The government appeals from an order of the Armed Services Board of Contract Appeals (board), No. 27370–18 (Jan. 13, 1983), directing the contracting officer to issue a decision on W.H. Moseley Company's (Moseley) certified claim, pursuant to the authority granted to the board under section 6(c)(4) of the Contract Disputes Act of 1978 (CDA) (codified at 41 U.S.C. § 605(c)(4) (Supp. V 1981)). The government asserts that the board erred in treating Moseley's claim as one arising under the CDA, as an earlier decision by the United States Court of Claims in this case, *W.H. Moseley Co. v. United States*, 677 F.2d 850, *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982), allegedly held that Moseley could not proceed under the CDA after the case was dismissed for lack of proper certification. Moseley asserts that this court does not have jurisdiction over this appeal because it is interlocutory, and, alternatively, the board correctly determined that Moseley could pursue its claim under the CDA and that the government has confused retroactive certification

with resubmission of the claim for a new decision. We hold that we do not have jurisdiction over this appeal, and dismiss on that basis.

## BACKGROUND

Moseley, a commodity supplier in Boise, Idaho, suggested certain changes in a procurement contract of January 31, 1978, with the Defense Logistics Agency (agency), to supply it with French fried potatoes. The agency adopted these changes, and Moseley asserted that it was entitled to an award based upon the savings the agency realized from implementation of these changes. Moseley's claim for over $1,000,-000 was submitted to the contracting officer, who issued her final decision denying the claim on February 15, 1980. In her final decision, the contracting officer advised Moseley that it could appeal the denial of the claim either under the disputes clause of the contract or under the CDA.

Moseley chose to appeal the decision under the CDA, and brought a "direct action" suit in the Court of Claims on October 9, 1980. *See* 41 U.S.C. § 609(a)(1) (Supp. V 1981). The government moved to dismiss on the ground that Moseley had failed to certify its claim as required by the CDA, 41 U.S.C. § 605(c)(1). Moseley attempted to cure the jurisdictional defect by retroactively certifying its claim to the contracting officer, but it did not resubmit the certified claim for a new decision.

The Court of Claims dismissed the appeal on the grounds that the certification requirement was a jurisdictional prerequisite and Moseley's attempt to satisfy this requirement retroactively was unavailing. The court stated:

> Finally, plaintiff argues that now that it has gone back to the contracting officer and certified the pertinent claim, it should be able to gain direct access to the court. However, *Lehman* [673 F.2d 352 (Ct.Cl.1982)] implicitly rejects that argument. The court in *Lehman* directed the plaintiff to a relevant board of

contract appeals, with the right to subsequent judicial review in this court. And, as *Lehman* concluded, plaintiff cannot be heard to complain about this result since "[a]lthough the plaintiff's trial *de novo* will be before the Board rather than before this court, that is the consequence of the plaintiff's own default in failing to certify its claim, as the Act requires."

677 F.2d at 852 (footnote omitted).

Following the dismissal of its claim by the Court of Claims, Moseley resubmitted its now certified claim to the contracting officer for the issuance of a new final decision. The contracting officer refused to accept the resubmitted claim, contending that her prior decision was a valid final decision under the disputes clause of the contract. On July 15, 1982, Moseley appealed this refusal to the board, requesting it to direct the contracting officer to issue a decision within a specified time period as authorized by the CDA, 41 U.S.C. § 605(c)(4).

In an order dated January 13, 1983, the board directed the contracting officer to issue a decision on Moseley's certified claim within 30 days. The board noted that none of the Court of Claims cases cited by the parties regarding certification, viz, *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352 (1982), *Moseley*, and *Skelly & Loy v. United States*, 685 F.2d 414 (1982)[1], dealt with the issue before it—namely, whether the board had the authority to direct the contracting officer to issue a new decision on the resubmitted claim. The board largely focused on the prejudicial effect of the contracting officer's advice to Moseley that it could appeal the adverse decision either under the disputes clause or under the CDA. As a result of this erroneous advice the board refused to recognize the contracting officer's earlier decision as a procedurally valid final decision for purposes of appeal. The board therefore granted Moseley's request that it direct the contracting officer to issue a new decision

---

1. Subsequent to the board's order, this court dealt with the issues of certification and choice of law in *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir.1983).

under the CDA. As previously noted, it is this order which forms the basis of the government's present appeal.

Subsequent to the board's order, the contracting officer still refused to issue a new decision, and in an order dated April 14, 1983, the board treated the contracting officer's failure to issue a new decision as a denial of the claim appealable to the board. *See* 41 U.S.C. § 605(c)(5). Moseley was thereby authorized to commence its appeal to the board under the CDA.

## DISCUSSION

At first glance, this appeal clearly appears to be interlocutory, and thus beyond our jurisdiction, as no board or court has yet even reached the merits of Moseley's contract claim. It is well established that this court, as an appellate tribunal, may only review "final decisions." *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir.1983), *cert. denied*, 52 U.S.L.W. 3336 (Oct. 31, 1983) (No. 83–247); *Aleut Tribe v. United States*, 702 F.2d 1015 (Fed.Cir. 1983); *Veach v. Vinyl Improvement Products Co.*, 700 F.2d 1390 (Fed.Cir.1983); *Wagner Shokai, Inc. v. Kabushiki Kaisha Wako*, 699 F.2d 1390 (Fed.Cir.1983). *See also* section 127(a)(10) of the Federal Courts Improvement Act of 1982 (FCIA), Pub.L. No. 97–164, 96 Stat. 25, 38 (to be codified at 28 U.S.C. § 1295(a)(10)), which restricts an appeal to a "final decision" of an agency board of contract appeals. The Supreme Court in *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), stated that a "final decision" for purposes of appellate review is one "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (Citation omitted.) *See also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74, 101 S.Ct. 669, 672, 66 L.Ed.2d 571 (1981). Clearly the order appealed from cannot be construed as a final disposition of Moseley's claim. Furthermore, the government concedes that the statutory exceptions for interlocutory appeals, section 125(b) of the FCIA, 96 Stat. 36–37 (to be codified at 28

U.S.C. §§ 1292(c) & (d)), are inapplicable to this case.

The government, however, presents two novel arguments in support of its position that the board's order in this case is ripe for review: (1) the appeal is not interlocutory, as the CDA contemplates direct appeals from board orders directing a contracting officer's decision under 41 U.S.C. § 605(c)(4); and (2) even if the appeal is interlocutory, this court has jurisdiction under the "collateral order" doctrine. Each of these arguments will be discussed in turn.

## DIRECT APPEALS FROM BOARD ORDERS UNDER SECTION 605(c)(4)

According to the government, there exists a right of direct appeal from an order of the board rendered under section 605(c)(4). That section states:

A contractor may request the agency board of contract appeals to direct a contracting officer to issue a decision in a specified period of time, as determined by the board, in the event of undue delay on the part of the contracting officer.

The government asserts that since there is no express limitation in the CDA concerning board decisions that are subject to appellate review, "it is apparent that Congress intended board decisions rendered under both 41 U.S.C. § 605, as in this case, and 41 U.S.C. § 606 [sic, § 607] to be subject to judicial review."

■ We reject the government's contention that a board's order directing a contracting officer's decision confers a right of direct appellate review. Certainly we reject the notion that the lack of explicit statutory language barring direct review gives rise to the inference that direct review was intended. Read in context, the statutory scheme of the CDA leaves no doubt that Congress did not envision the type of piecemeal review proposed by the government.

Section 605, "Decision by contracting officer," is solely concerned with the requirements and procedures for the submission of a claim and a decision on that claim by

the contracting officer. A contracting officer's decision has been described as "the linchpin for appealing claims under the Contract Disputes Act ...." *Paragon Energy Corp. v. United States*, 645 F.2d 966, 967 (Ct.Cl.1981). Section 605(c)(1) contains the certification requirement and sections 605(c)(2)–(5) contain various requirements and procedures relating to the speed with which a contracting officer should issue a final decision on the claim. The provision at issue here, section 605(c)(4), merely empowers the board to direct a final decision in the event of "undue delay" so that board or judicial review (if necessary) may proceed in an expeditious manner. To permit appellate review of a board's order to direct a final decision by the contracting officer within a specified time would constitute a direct contradiction of the obvious purpose of section 605(c)(4)—the prompt processing of contractor claims.

Furthermore, the provision of the CDA providing for appellate review of board decisions, section 607(g), clearly contemplates an appeal of a final decision by the board regarding the merits of a claim, and not of a preliminary procedural order by a board pursuant to section 605(c)(4). This court's jurisdiction is not to be derived from implication, as the government would have it here. "In dealing with problems of interpretation and application of federal statutes, we have no power to change deliberate choices of legislative policy that Congress has made within its constitutional powers. Where congressional intent is discernible—and here it seems crystal clear—we must give effect to that intent." *Sinclair Refining Co. v. Atkinson*, 370 U.S. 195, 215, 82 S.Ct. 1328, 1339, 8 L.Ed.2d 440 (1962). In short, we conclude that the government's contention that the CDA permits direct appeals from board orders rendered under section 605(c)(4) is without merit.

## THE "COLLATERAL ORDER" DOCTRINE

■ The government's final contention is that in the event that this appeal is deemed to be interlocutory, appellate review is appropriate under the "collateral order" doctrine established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The "collateral order" doctrine permits appellate review of an interlocutory order where "the order is based on a claim separable from, and collateral to, the rights asserted in the underlying cause of action." *Montgomery Ward & Co. v. Zenith Radio Corp.*, 673 F.2d 1254, 1259 n. 8 (CCPA 1982); *see also Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1564 (Fed.Cir.1983). Courts have discerned various requisites for the application of this doctrine, including one which is conspicuously absent from this case—a right incapable of vindication on appeal from final judgment. *See, e.g., Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 375, 101 S.Ct. at 674; *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1223; *Baker Perkins*, 710 F.2d at 1564; *United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir.1979).

■ The real basis for the government's objection to the board's order under section 605(c)(4) is not the direction to the contracting officer to render a final decision per se, but the holding that Moseley may bring its claim under the CDA. As mentioned, the government contends that Moseley is limited to pre-CDA disputes clause remedies. In support of its assertion that the "collateral order" doctrine is applicable to this appeal, the government states that it could suffer "irreparable harm" if review is denied because Moseley might be entitled to interest, 41 U.S.C. § 611, and attorney fees under the Equal Access to Justice Act, *see Fidelity Construction Co. v. United States*, 700 F.2d 1379 (Fed.Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983),[2] if the case is heard

---

2. In *Fidelity,* the court held that a board of contract appeals *cannot* award attorney fees and expenses against the United States under the EAJA. 700 F.2d at 1387. A court, however, could award fees for service before a board if it also awards fees for service before itself. *Id.* at 1386.

under the CDA, while these benefits would be unavailable under the disputes clause.

What the government fails to identify is why this "right" to restrict Moseley to pre-CDA remedies is incapable of vindication on appeal. It is patently obvious that in any appeal from a board or Claims Court decision on the merits of a contract claim in a transitional case (i.e., one in which a contractor has the option of proceeding under CDA or disputes clause procedures) this court could decide whether the lower tribunal applied the proper law to the case. *See, e.g., United States v. Hamilton Enterprises, Inc.,* 711 F.2d 1038 (Fed.Cir. 1983); *W.M. Schlosser Co. v. United States,* 705 F.2d 1336 (Fed.Cir.1983); *Nab-Lord Associates v. United States,* 682 F.2d 940 (Ct.Cl.1982). We therefore hold that the "collateral order" doctrine is inapplicable to this appeal.

## CONCLUSION

As may be gleaned from the procedural history of this case, Moseley has gone through a tortuous route in its effort to have its contract claim heard. Moseley first appealed the denial of its claim by the contracting officer on October 9, 1980, and to date has yet to have its claim decided on the merits. While the enactment of the CDA heralded important and progressive changes in government contract law, it is unfortunate that some contractors such as Moseley have become entangled in a procedural maze created by uncertainties regarding the proper application of the Act's provisions. Moseley can take little satisfaction in having contributed to an evolving area of law when its ultimate desire is a chance to be heard on the merits of its contract claim. This appeal is dismissed with the expectation that Moseley's resubmitted and certified claim will now be expeditiously resolved on the merits.

DISMISSED.