**FAIRCHILD REPUBLIC COMPANY, Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**Appeal No. 86–1326.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1987.

James J. Gallagher, of McKenna, Conner & Cuneo, Los Angeles, Cal., argued for appellant. With him on the brief was Thomas M. Abbott, of McKenna, Conner & Cuneo, Los Angeles, Cal.

Jane W. Vanneman, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Of counsel were Donald Kinlin, Dept. of the Air Force, Wright-Patterson Air Force Base, Ohio and Lt. Col. Roger D. Graham, Dept. of the Air Force, Washington, D.C.

Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.

### ORDER

ARCHER, Circuit Judge.

Fairchild Republic Company (Fairchild) appeals from the decision of the Armed Services Board of Contract Appeals

(ASBCA or board), ASBCA No. 29385, 86–1 BCA (CCH) ¶ 18,608, denying its motion for summary judgment. The motion pertained to the government's alleged lack of authority to withhold monies otherwise due Fairchild on its government contract where the contracting officer determined overcharges by Fairchild due to the defective pricing of a supplement to that contract. When the motion was denied, the board had yet to consider the merits of the defective pricing determination. We hold that the board's denial of summary judgment is not a final decision, as required by 28 U.S.C. § 1295(a)(10) (1982), to give this court jurisdiction and, therefore, we dismiss the appeal without prejudice.

## Background

On November 1, 1978, Fairchild was awarded Contract No. F33657–78–C–0135 (the prime contract) with the government to build the Air Force's A–10 jet fighter.

In 1980, as part of the prime contract, Fairchild entered into Supplemental Agreement No. P00157 (the supplemental agreement) to provide computer resource management and technical requirement documents for the inertial navigation system of the A–10 fighters. The supplemental agreement price included as a substantial cost element some $2 million dollars worth of data to be provided by Kaiser Electronics, a subcontractor. At the conclusion of the supplemental agreement contract negotiations, Fairchild certified that the cost and pricing information furnished to the government in connection with the negotiations was accurate, complete and current, as required by the Truth in Negotiations Act, 10 U.S.C. § 2306(f) (1982).

The government, however, performed a post-award audit of both the prime contract and the supplemental agreement and determined that the cost and pricing information furnished by Kaiser to Fairchild, and subsequently to the government, was defective, resulting in an overcharge of $511,-191.00.

Based on this audit, the contracting officer issued a final decision on December 12, 1983, finding that the cost and pricing information furnished by Fairchild was incomplete, inaccurate and non-current and, therefore, a violation of the Truth in Negotiations Act. Accompanying the final decision was unilateral contract modification MOD–P00370, which reduced the price of the prime contract by $511,191.00, the amount attributable to the alleged defective pricing data, as determined by the contracting officer.

Fairchild appealed to the ASBCA, contesting the defective pricing determination and asserting that the contracting officer had exceeded his authority in unilaterally reducing the prime contract price and withholding the claimed amount. Thereafter, Fairchild filed a motion for summary judgment, seeking payment of the $511,191.00 withheld by the government, on the grounds that the unilateral modification and withholding were in violation of the Truth in Negotiations Act, 10 U.S.C. § 2306(f), the Debt Collection Act, 31 U.S.C. § 3716(a), and Defense Acquisition Regulation, Appendix E, Part 6 (DAR Appendix E).

In response, the government asserted that the Truth in Negotiations Act did not prohibit the unilateral modification or the withholding of the amount claimed, and that neither the Debt Collection Act nor DAR Appendix E applied to price reductions for defective pricing arising solely under the same existing contract.

The ASBCA denied Fairchild's motion in its decision dated April 1, 1985. The board held that the Debt Collection Act was not applicable because Fairchild had not been paid, and thus no "debt" due the government was available to offset administratively. DAR Appendix E was held inapplicable as well, because "the price reduction here was made prior to payment or the legal establishment of a debt." Finally, the board rejected Fairchild's argument that the Truth in Negotiations Act had been violated. The board stated in this regard that Fairchild's proposed procedure that the board must decide defective pricing issues before a reduction can be made

in a contract price would be "incredibly burdensome to the effective administration of contracts and was never intended by the drafters."

Upon Fairchild's Motion for Reconsideration, the board modified its opinion but affirmed its original decision denying the motion for summary judgment. A second Motion for Reconsideration by Fairchild was denied. Fairchild now appeals from these adverse determinations.

## OPINION

As an initial matter, the Government has raised the issue of this court's jurisdiction to hear this appeal. Because the board has not yet considered the underlying defective pricing determination of the contracting officer, the government contends that the board's decision is not a final decision within the meaning of 28 U.S.C. § 1295(a)(10) (1982).

Fairchild has pointed out that its petition to the board contained two claims: (1) that the contracting officer had violated the Truth in Negotiations Act, the Debt Collection Act, and DAR Appendix E, by improperly withholding money due Fairchild, and (2) that there was no defective pricing violation. Citing this court's decision in *Dewey Electronics Corp. v. United States*, 803 F.2d 650 (Fed.Cir.1986), Fairchild contends that the ASBCA decision denied its first claim on the merits and that it was, therefore, a "final" decision as to that claim.

The Federal Courts Improvement Act of 1982, Pub.L. 97–164, grants this court exclusive jurisdiction "of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. § 607(g)(1))." 28 U.S.C. § 1295(a)(10) (1982). The relevant Contract Disputes Act section provides:

(1) The *decision* of an agency board of contract appeals shall be final, except that—

(A) a contractor may appeal such a decision to the United States Court of Appeals for the Federal Circuit within one hundred twenty days after the date of receipt of a copy of such decision....

41 U.S.C. § 607(g)(1)(A) (1982) (emphasis added).

In interpreting these statutes, this court has repeatedly held that, as an appellate tribunal, it may only review "final decisions." *See United States v. W.H. Moseley Co.*, 730 F.2d 1472, 1474 (Fed.Cir.1984), and cases cited therein. The Supreme Court, in *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), stated that a final decision is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74, 101 S.Ct. 669, 672–74, 66 L.Ed.2d 571 (1981); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). This court identified several important interests served by the rule:

It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the prejudgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.

*Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed.Cir.1986) (quoting *Flanagan v. United States*, 465 U.S. 259, 263–64, 104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288 (1984)).

This court noted in *Dewey*, however, that there is not always "'precise congruence between "the classical jurisdictional requirements" applied to appeals from district courts and the jurisdictional standards applicable to review of administrative proceedings....'" *Dewey*, 803 F.2d at 654 (quoting *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board, United States Department of Labor*, 535 F.2d 758, 760 (3d Cir.1976)). In *Dewey*, the contracting officer had constructively denied liabili-

ty on what were deemed to be nine separate claims by failing to consider and act on them in a timely manner. The disallowed claims were then appealed to the ASBCA, which rendered its decision sustaining the disallowance as to four claims and determining that the government was liable on the other five, which were remanded to the parties to determine the amount of the government's liability. Dewey then appealed to this court from the ASBCA's decision as to the four claims.

We held that the ASBCA's decision was final as to the four claims appealed and that the appeal should not be deferred pending resolution of quantum for the five claims remanded. In doing so, we concluded that the ASBCA's jurisdiction was limited to reviewing decisions of the contracting officer, that only liability or entitlement had been constructively determined in that case by the contracting officer, and that the ASBCA had decided the entitlement issue as to all nine claims before it. We said "the Board decided all of the issues then before it...." *Dewey*, 803 F.2d at 655.

The same cannot be said in this case. In fact, the board stated, "[w]e therefore leave the parties where we find them, that is, with the issue of whether defective pricing existed on this contract." This issue was decided by the contracting officer and is clearly still pending before the board. *See Teller Envtl. Systems, Inc. v. United States*, 802 F.2d 1385 (Fed.Cir.1986).

Fairchild also argues that the rule of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), should be applied in this case. To come within the judicially-created exception to the requirement for finality delineated by the Supreme Court in *Cohen*, a board decision must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458; *Cabot*, 788 F.2d at 1543.

That exception is inapplicable to the facts of this case. Fairchild's claim that the government improperly withheld the amount of the defective pricing is not completely separate from the merits of the claim of defective pricing. Both issues arose out of interrelated conduct and the same or closely connected facts. *Teller*, 802 F.2d at 1389. *See also Jeannette Sheet Glass Corp. v. United States*, 803 F.2d 1576, 1581 (Fed.Cir.1986). Furthermore, Fairchild has failed to indicate any reason why the board's decision on withholding cannot be reviewed at the time a final decision on the defective pricing issue is entered. Whether or not Fairchild prevails on the defective pricing claim, it may then appeal the ASBCA decision regarding withholding and seek as a remedy interest from the date of withholding for loss of use of its money.

In considering the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other, we conclude that a considerable savings in judicial resources can be achieved by waiting to consider both of Fairchild's "claims" in one appeal. *See Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964). Moreover, this court has stated that the exception to finality created by Gillespie is to be very rarely used beyond the unique facts of that case. *Jeannette Sheet Glass Corp.*, 803 F.2d at 1583. *See also Coopers & Lybrand*, 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30.

Accordingly, IT IS ORDERED THAT:

This appeal is dismissed without prejudice for lack of jurisdiction.