944 F.2d 913
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas Y. GARRETT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3411.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1991.
 
 ON MOTION
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Merit Systems Protection Board (MSPB) moves to dismiss Douglas Y. Garrett's petition for review for lack of jurisdiction. Garrett opposes.[1]
 
 
 2
 Garrett, a former employee of the Department of Defense, petitioned the MSPB for review of the Administrative Judge's December 24, 1990 order denying Garrett's request for a stay of the Defense Department's removal of him during his probationary period[2] and the Administrative Judge's January 15, 1991 order denying his request for interlocutory appeal of the stay denial. On May 21, 1991, the MSPB dismissed Garrett's petition for review as an impermissible interlocutory petition.
 
 
 3
 The MSPB moves to dismiss Garrett's petition arguing that this court is without jurisdiction to review the order at issue because it is not final. The MSPB points out that the legislative history of the Whistle Blower Protection Act indicates that Board orders denying stays are not final Board decisions. In its report, the Committee on Post Office and Civil Service stated:
 
 
 4
 The Committee does not believe that stays are ends in themselves. Rather, stays are an effective means of minimizing the adverse consequences of a prohibited personnel practice, ... and of safeguarding the status quo while interested parties prepare their cases for presentation to the MSPB.
 
 
 5
 H.R.Rep. No. 274, 100th Cong., 1st Sess. 23 (1987).
 
 
 6
 A final order or decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Fairchild Republic Co. v. United States, 810 F.2d 1123, 1125 (Fed.Cir.1987) quoting Catlin v. United States, 324 U.S. 229, 233 (1945). The MSPB has yet to issue a final order or decision on the merits of Garrett's appeal.
 
 
 7
 This court has jurisdiction to review only final orders and decisions of the MSPB. 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1). Garrett has not shown that the order he seeks review of is final. Therefore, dismissal is appropriate.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The MSPB's motion to dismiss is granted.
 
 
 10
 (2) All the pending motions are moot.