9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara D. MORET, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3369.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves to dismiss Barbara D. Moret's petition for review. Moret has not filed a response.
 
 
 2
 Following the death of her sister, Johnnie Sherrill, Moret applied for a lump-sum death benefit in the amount of an annuity that accrued prior to her sister's death. OPM's denied Moret's application stating that no lump-sum benefit was payable to Moret because a survivor annuity "may possibly be payable" to Ezell Sherrill, the putative spouse of Johnnie Sherrill. Apparently OPM is awaiting proof of Ezell Sherrill's marriage to Johnnie Sherrill.
 
 
 3
 The Administrative Judge (AJ) vacated OPM's decision and remanded the matter to OPM "until OPM decides Ezell Sherrill's application for a survivor annuity." The Merit Systems Protection Board denied Moret's petition for review of the AJ's decision and ordered OPM on remand "to issue a new reconsideration decision addressing appellant's claim for the lump-sum death benefit within 30 days after OPM decides whether Ezell Sherrill is entitled to a survivor annuity." The Board then went on to state that its order was final and that Moret had the right to seek review of its order at the Federal Circuit. Moret timely filed a petition for review and has filed an informal brief.
 
 
 4
 OPM moves to dismiss on the ground that the Board's remand order is not final and hence this court lacks jurisdiction. We note, however, that OPM failed to attach the Board's order to its motion and failed to move for waiver of Fed.Cir.R. 27(e).* Further, the Board stated that its order was final and that Moret had the right to petition this court for review of the Board's order.
 
 
 5
 Nevertheless, this court is not bound by the Board's statement concerning the finality of its order. See Woodard v. Sage Products, Inc., 818 F.2d 841, 844 (Fed.Cir.1987) (in banc) ("[t]his court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it"). A final decision is one which " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Fairchild Republic Co. v. United States, 810 F.2d 1123, 1125 (Fed.Cir.1987), quoting Catlin v. United States, 324 U.S. 229, 223 (1945). The Board's remand order did not end litigation on the merits but rather directed OPM to reconsider Moret's claim on the merits after resolving Ezell Sherrill's claim. Therefore, the Board's order was not final and we may not review it at this time. See 28 U.S.C. Sec. 1295(a)(9).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion to dismiss is granted.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 
 *
 Fed.Cir.R. 27(e) provides that "[a]fter the appellant or petitioner has filed the principal brief, the arguments supporting dismissal for lack of jurisdiction or remand should be made in the brief of the appellee or respondent." OPM filed its motion to dismiss after Moret had filed her informal brief