77 F.3d 501
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RENIC GOVERNMENT SYSTEMS, INC., Appellant,
v.
Henry G. CISNEROS, Secretary of Housing and Urban
Development, Appellee.
 No. 95-1238.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1995.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 Renic appeals an order of the Housing and Urban Development Board of Contract Appeals (Board) denying its motion to dismiss for lack of subject matter jurisdiction. Because Renic has failed to show that the Board's order was "final" within the meaning of 28 U.S.C. § 1295(a)(10) (1988), we have no jurisdiction to hear this appeal, and consequently dismiss it.
 
 
 2
 On February 28, 1994, a contracting officer (CO) terminated two government contracts held by Renic. The CO's letter informed Renic of its right to appeal to the Board, but failed to apprise Renic of its right to appeal to the Court of Federal Claims (CFC), as required by 41 U.S.C. § 605(a) (1988) and 48 C.F.R. § 33.211(a) (1994). As appellant candidly admitted at oral argument, however, Renic was aware, via some other source, of its right to appeal to the CFC.
 
 
 3
 Thus, it was with full knowledge of its appeal rights that Renic appealed to the Board on May 24, 1994. Nevertheless, on September 28, 1994, Renic asked the Board to dismiss its appeal for lack of subject matter jurisdiction, claiming that because of the termination letter's defect, the letter was not a valid final decision of the CO, and therefore could not serve as a basis for the Board's jurisdiction. The Board denied the motion and Renic appealed here.
 
 
 4
 In its brief, the government argues that Renic's appeal should be dismissed because the Board's decision was not final. We have no jurisdiction to review decisions from the Board which are not final. 28 U.S.C. § 1295(a)(10) (1988). A final decision is one which "ends the litigation on the merits and leaves nothing for the [tribunal] to do but execute the judgment." United States v. W.H. Moseley Co., 730 F.2d 1472, 1474 (Fed.Cir.1984) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). By no stretch of the imagination is the order now on appeal a final order. Admittedly, as the government's brief recognizes, this court may, in appropriate cases, relax the finality requirement in appeals from the boards of contract appeals. See, e.g., Dewey Elec. Corp. v. United States, 803 F.2d 650, 654-58 (Fed.Cir.1986). Still, it persuasively argues that this order is not final even under the liberal definition of finality articulated in Dewey, since the Board has not yet resolved any of the claims before it.
 
 
 5
 In the face of the government's detailed discussion of the law regarding our jurisdiction, Renic remains silent. To succeed in this appeal, Renic must establish that the order in this case satisfies the test required to qualify for relaxation of the finality rule. See KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936) (complainant bears the burden of showing jurisdiction). This it has failed to do. Renic did not file a reply brief to answer the government's arguments or respond thereto at oral argument. In short, Renic has supplied no reason in this case why the finality rule should be relaxed, and we discern no such reason from the record before us. As a result, we have no choice but to dismiss this appeal for lack of jurisdiction.
 
 
 6
 Dismissed.
 
 
 7
 SO ORDERED.