**UNITED PACIFIC INSURANCE COMPANY, Appellant,**

v.

**James G. ROCHE, Secretary of the Air Force, Appellee.**

**No. 01–1242.**

United States Court of Appeals, Federal Circuit.

June 27, 2002.

Gary A. Wilson, Duane Morris LLP, of Philadelphia, Pennsylvania, argued for appellant. With him on the brief was Salil P. Patel.

William G. Kanellis, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director. Of counsel on the brief was Lt. Col. Blane B. Lewis, Air Force Legal Services Agency, of Arlington, Virginia.

Edward G. Gallagher, Wickwire Gavin, P.C., of Vienna, Virginia, argued for amicus curiae The Surety Association of America.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

ARCHER, Senior Circuit Judge.

United Pacific Insurance Co. ("United Pacific") appeals the decision of the Armed Services Board of Contract Appeals ("ASBCA" or "board") dismissing in part its claims against the United States. *See United Pac. Ins. Co. v. United States*, No. 52419, slip op. (ASBCA Feb. 7, 2001). Because the board's decision was not final pursuant to 28 U.S.C. § 1295(a)(10), we dismiss this appeal for lack of jurisdiction.

*Factual Background*

On September 28, 1995, Castle Abatement Corporation ("Castle") was awarded a contract to repair a secondary containment system at McGuire Air Force Base in New Jersey. United Pacific agreed to act as surety, and issued a performance bond in the amount of $2,312,267 (the total contract price) and a payment bond in the amount of $1,156,134.

The government and Castle entered into a contract, which included the standard

Differing Site Conditions Clause requiring the government to make an equitable adjustment to the contract if the site conditions materially differed from those indicated in the contract. On July 21, 1997, the government terminated the contract for default. Castle had ceased work on the project, stating that as a result of severe environmental contamination of the work site, it incurred substantial expenses for environmental remediation that it did not anticipate in its bid. United Pacific and the government entered into a takeover agreement on August 5, 1997 (the "Takeover Agreement"), under which United Pacific arranged for the completion of the project.

On October 28, 1998, United Pacific filed a "Request for Equitable Adjustment" with the government, consisting of ten individual claims totaling $1,759,966.80. United Pacific alleged that many of these claims stemmed from unexpected site conditions encountered either by Castle or United Pacific's completion contractor. The contracting officer granted the request only in the aggregate amount of $1,431.16 (adjusted for a credit taken by the government).

The contracting officer's analysis of the request varied on a claim-by-claim basis. For example, she allowed portions of certain claims (i.e. $3,500 of a $109,440 claim for transportation costs relating to precast wall sections) that United Pacific alleges arose during work by Castle. She denied outright a claim for delay that United Pacific alleged arose partially during Castle's work and partially during the completion contractor's work. Her reasons for denial included inadequate contractor substantiation of the alleged equitable adjustment items, specification of the alleged adjustments in the original agreement, cost adjustments, and fault of the contractor.

United Pacific filed a complaint with the board. Under various legal theories, it sought the recovery of the remainder of its equitable adjustment claims, specific performance of settlement, and recovery of $46,288.37 on the contract balance. The government filed a motion to dismiss for lack of jurisdiction any portions of United Pacific's claims that arose before the Takeover Agreement. It argued that United Pacific did not independently possess standing as a surety to pursue such claims, and that without an assignment by Castle to United Pacific, only Castle was in contractual privity with the government for such claims.

The board granted the motion, but retained jurisdiction over the post-takeover portions of the equitable adjustment claims and the equitable subrogation claim for the contract balance. The board did not define which claims, or which portions of claims, "arose prior to" the Takeover Agreement, and did not reach the issue of the monetary quantum of these claims.

### Discussion

■■■ Our jurisdiction under 28 U.S.C. § 1295(a)(10) is to review only final decisions of agency boards of contract appeals. *United States v. W.H. Moseley Co.,* 730 F.2d 1472, 1474 (Fed.Cir.1984); *see also* 28 U.S.C. § 1295(a)(10). A final order is generally one that " 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.' " *Teledyne Continental Motors, Gen. Prods. Div. v. United States,* 906 F.2d 1579, 1581 (Fed.Cir. 1990) (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (citations omitted)).

■■■ Pursuant to the Contract Disputes Act, 41 U.S.C. §§ 606, 607(d), a contractor may appeal an adverse decision of a contracting officer to the appropriate agency board of contract appeals. "It is thus necessary to determine the scope of the contracting officer's decision, for this de-

termines the extent of the contractor's right of appeal and the board's jurisdiction." *Dewey Elecs. Corp. v. United States,* 803 F.2d 650, 654–55 (Fed.Cir. 1986).

■ The government argues that the board's decision here is not final because it did not reach the full extent of the contracting officer's decision, which included a determination of the allowable quantum of United Pacific's claims. We agree. The contracting officer's decision reviewed each of the ten claims, and determined the monetary extent to which each claim would be allowed. The board, however, did not reach the issue of quantum, and made no findings as to what portion of each of the ten claims occurred prior to the Takeover Agreement. *See United Pac. Ins. Co.,* slip op. at 4 ("[T]here are portions of appellant's claim that arose during performance of the takeover agreement over which we have jurisdiction ... [W]e do not purport in this opinion to identify with specificity which portions arose during the takeover agreement ...."). Because the board's decision did not resolve issues addressed by the contracting officer, namely, the quantum of allowable adjustments, the government is persuasive that the board's decision is not final. *See AAA Eng'g & Drafting, Inc. v. Widnall,* 129 F.3d 602, 604 (Fed.Cir.1997) (dismissing an appeal of a board decision for lack of jurisdiction where the contracting officer decided both issues of liability and quantum, but the board only reached liability). We should not assume jurisdiction now when a subsequent board decision concerning the quantum and allocation of pre-versus post-takeover claims may also be appealed. *See Fairchild Republic Co. v. United States,* 810 F.2d 1123, 1126 (Fed.Cir.1987) (discussing the inconvenience and costs of piecemeal review).

Contrary to United Pacific's suggestion, this holding is entirely consistent with our opinion in *Dewey Elecs. Corp. v. United States.* In *Dewey,* the contractor ultimately filed nine equitable adjustment claims with the contracting officer. *Dewey Elecs. Corp.,* 803 F.2d at 652–53. The contracting officer failed to timely respond to the claims, which therefore were deemed to be denied. *Id.* at 653. On appeal, the ASBCA affirmed that the contractor lacked entitlement to four of the claims, but reversed the denial of the other five claims, remanding them to the contracting officer for the negotiation of equitable adjustment. *Id.* The contractor appealed to this court the board's decision concerning the four denied claims.

We held that the board's decision was final for the purposes of our jurisdiction, even though the board had not determined the quantum of damages for the four denied claims, because the contracting officer also had not reached the question of quantum. *Id.* at 654–55. "There had been no administrative consideration of damage issues by the contracting officer and there was no occasion for the Board to consider these issues." *Id.* at 655. Those facts are not present here. Because the contracting officer here did reach the question of the quantum of each United Pacific's claims, our holding in *Dewey* is distinguishable.

In sum, the uncertainty surrounding the identity and quantum of the dismissed claims requires us to abstain from reviewing the decision below. We therefore do not reach the question of whether the board erred in dismissing the portion of United Pacific's claims that arose before the Takeover Agreement. The appeal is dismissed without prejudice for lack of jurisdiction.

*DISMISSED.*