ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Public Warehousing Company, K.S.C. | ) | ASBCA No. 58088 |
| | ) | |
| Under Contract No. SPM300-05-D-3128 | ) | |

APPEARANCES FOR THE APPELLANT: Michael R. Charness, Esq.
Adrianne L. Goins, Esq.
Elizabeth Krabill McIntyre, Esq.
Ralph C. Mayrell, Esq.
 Vinson & Elkins LLP
 Washington, DC

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
 DLA Chief Trial Attorney
John F. Basiak, Jr., Esq.
Keith J. Feigenbaum, Esq.
Kari L. Scheck, Esq.
 Trial Attorneys
 DLA Troop Support
 Philadelphia, PA

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON
APPELLANT'S MOTION FOR RECONSIDERATION AND TO
CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL

Before the Board is appellant Public Warehousing Company, K.S.C.'s (PWC's) motion that we partially lift the one-year stay, which we treat as a timely motion for reconsideration of our 8 December 2016 opinion. PWC also moves that we certify for interlocutory appeal the December 2016 opinion as well as our 8 November 2016 opinion granting the government leave to amend its answer to assert affirmative defenses. We deny both motions.

Motion for Reconsideration

A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Motions for reconsideration do not afford litigants the opportunity to take a 'second

bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations omitted); *see also Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384.

In our December 2016 opinion, we denied the government's motion to dismiss, but granted its alternate motion to stay, due to the criminal case pending in the district court. *Public Warehousing Company, K.S.C.*, ASBCA No. 58088, 17-1 BCA ¶ 36,589. PWC's motion for reconsideration is largely a rehash of its previous contentions.[1] We will not disturb an earlier decision merely because, on reconsideration, the losing side presents the same arguments as before.

Accordingly, we deny PWC's request for reconsideration of our 8 December 2016 opinion.

## Motion to Certify November and December 2016 Opinions for Appeal

In the alternative, PWC moves that we certify for appeal to the Court of Appeals for the Federal Circuit our 8 November 2016 opinion granting the government leave to amend its answer to assert affirmative defenses, *Public Warehousing Company, K.S.C.*, ASBCA No. 58088, 16-1 BCA ¶ 36,555, and our December 2016 opinion staying this appeal.

The Contract Disputes Act provides that:

The decision of an agency board is final, except that—

(A) a contractor may appeal the decision to the United States Court of Appeals for the Federal Circuit

---

[1] Among other things, PWC faults us for not addressing its citations to three earlier Board opinions: *Kellogg Brown & Root Servs., Inc.*, ASBCA Nos. 57530, 58161, 16-1 BCA ¶ 36,449; *Suh'dutsing Techs., LLC*, ASBCA No. 58760, 15-1 BCA ¶ 36,058; and *TRW, Inc.*, ASBCA Nos. 51172, 51530, 99-2 BCA ¶ 30,407. But our opinion cited precedent from our reviewing court that identifies the factors we must balance when there is a parallel criminal case. The three Board opinions cited by PWC did not involve parallel criminal proceedings, only civil cases or civil investigations. As a result, they are of limited utility in this appeal. There is no split from earlier Board decisions despite PWC's contentions.

> within 120 days from the date the contractor receives a
> copy of the decision....

41 U.S.C. § 7107(a)(1).[2]  Similarly, 28 U.S.C. § 1295, which identifies the jurisdiction of the Federal Circuit provides that:

> (a) The United States Court of Appeals for the Federal
> Circuit shall have exclusive jurisdiction—
>
> ....
>
> (10) of an appeal from a final decision of an agency board of
> contract appeals pursuant to section 7107(a)(1) of title 41....

28 U.S.C. § 1295(a)(10).

Jurisdiction of the courts of appeal to review interlocutory decisions is governed by 28 U.S.C. § 1292.  This statute specifies a process for district courts, the Court of International Trade, and the Court of Federal Claims to certify their interlocutory decisions for review to a Court of Appeals.  Congress did not provide for such a process for decisions of the boards of contract appeals.

Starting with perhaps an obvious point, it is not our role to determine whether the Federal Circuit may consider an appeal of our November and December 2016 decisions.  The narrow issue before us is whether Congress provided the Board authority to certify questions for interlocutory review.  We have held that the Board lacks authority to certify questions for interlocutory review under 28 U.S.C. § 1292(b) because that section applies only to district court judges.  *General Dynamics Ordnance and Tactical Systems, Inc.*, ASBCA Nos. 56870, 56957 10-2 BCA ¶ 34,525.

PWC relies upon the decision of the Department of Agriculture Board of Contract Appeals (AGBCA) in *Shawn Montee, Inc.*, AGBCA No. 2004-153-R *et al.*, 05-1 BCA ¶ 32,889,[3] in which that board concluded that it possessed authority to certify questions for interlocutory review under 28 U.S.C. § 1292(c)(1) and (d)(2). Section 1292(c)(1) provides that the Federal Circuit has exclusive jurisdiction:

---

[2] There is no provision in the Contract Disputes Act authorizing a Board of Contract Appeals to certify an interlocutory decision for review.

[3] The AGBCA has been consolidated into the Civilian Board of Contract Appeals. Pub. L. No. 109-163, Stat. 3136, 3391 (Jan. 6, 2006).

> [O]f an appeal from an interlocutory order or decree
> described in subsection (a) or (b) of this section in any case
> over which the court would have jurisdiction of an appeal
> under section 1295 of this title....

Sections 1292(a) and (b) concern appeals from district courts. The Agriculture Board read section 1292(c)(1), with its references to sections 1292(b) and 1295, as granting the Federal Circuit authority to review interlocutory orders from tribunals for which it has jurisdiction to review final decisions, and granting the boards authority to certify such questions. The AGBCA explained the absence of any reference to Board judges in section 1292(b) by stating "We would not expect the federal rules to reference board judges or address specifically each tribunal over which the Court of Appeals for the Federal Circuit has jurisdiction." *Shawn Montee*, 05-1 BCA ¶ 32,889 at 162,938.

In a non-precedential order, the Federal Circuit denied Shawn Montee's petition for permission to appeal but did not address the jurisdiction of the boards of contract appeals to certify questions for interlocutory review. The Court of Appeals simply stated "we conclude that the better course is for the AGBCA to develop the factual record and fully adjudicate the legal issues prior to appellate review." *Shawn Montee, Inc. v. Johanns*, 131 F. App'x 304 (Fed. Cir. 2005).

We decline to follow the AGBCA's opinion in *Shawn Montee*. Instead, we extend our precedent in *General Dynamics Ordnance and Tactical Systems* to hold that neither 28 U.S.C. § 1292(b) nor (c) provide us with the authority to certify interlocutory appeals. We base this determination on the lack of any reference to interlocutory appeals from administrative tribunals in 28 U.S.C. § 1292, and on Federal Circuit precedent. The Court of Appeals has held that it lacks jurisdiction to consider our interlocutory decisions, *United States v. W.H. Moseley Co.*, 730 F.2d 1472, 1474 (Fed. Cir. 1984) and that it only possesses jurisdiction if the Board decision is final. *Orlando Helicopter Airways, Inc. v. Widnall*, 51 F.3d 258, 260 (Fed. Cir. 1995). Accordingly, we see no basis for the Board to certify interlocutory questions to the Federal Circuit.

The AGBCA and appellants also rely on the Federal Circuit's decision in *Electronic Data Systems Federal Corporation v. GSA Board of Contract Appeals*, 792 F.2d 1569 (Fed. Cir. 1986), in which the Court of Appeals held that it possessed jurisdiction to review an interlocutory order (an injunction) of the GSBCA. However, that case involved a bid protest under the Brooks Act where the matter reached the Federal Circuit in an unusual manner. After the GSBCA issued the order in dispute, the contractor filed suit in the district court, which issued a temporary restraining order but then transferred the case to the Federal Circuit, and ordered that the restraining

4

order remain in place during the transfer. Shortly after that, the government and the contractor filed with the Federal Circuit petitions for writs of mandamus against the GSBCA. *Id.* at 1571-74.

The Federal Circuit's opinion in *Electronic Data Systems (EDS)* contains an analysis of the court's jurisdiction under 28 U.S.C. § 1292(a) & (c) to review an interlocutory order issued by the GSBCA. 792 F.2d at 1574-75. The Court of Appeals concluded that the statute provided it with jurisdiction to review a GSBCA interlocutory order granting an injunction. *Id.* at 1575.

PWC contends that we should join with the AGBCA in extending *EDS* to non-injunctive interlocutory decisions issued in the context of a Contract Disputes Act (CDA) dispute. We believe that this is foreclosed by the Federal Circuit's decision in *United States v. W.H. Moseley*, which has not been overruled by the Federal Circuit en banc. For purposes of the narrow issue under consideration, *EDS* reached the Federal Circuit through a combination of a district court transfer and petitions for writs of mandamus filed by the parties, not because the GSBCA certified a question for interlocutory review. Thus, *EDS* does not provide any support for a Board power to certify interlocutory decisions.

PWC (and the AGBCA in *Shawn Montee*) contend that we also possess jurisdiction to certify interlocutory decisions through the interplay of the CDA, 41 U.S.C. § 7105(e)(2), and 28 U.S.C. § 1292(d)(2). The former provides that, in exercising our jurisdiction, the Board "may grant any relief that would be available to a litigant asserting a contract claim in the United States Court of Federal Claims." The latter provides judges of the Court of Federal Claims the authority to certify questions for interlocutory review. Appellant and the AGBCA conclude from these provisions that, because the Court of Federal Claims can certify an interlocutory decision in a CDA case, then we can too.

While these contentions have some surface appeal we do not believe that the provision at 41 U.S.C. § 7105(e)(2) should be read so broadly to mean that the Board in a CDA appeal enjoys the same powers as the Court of Federal Claims. *See Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed. Cir. 1983). That court's power to certify interlocutory questions arises from 28 U.S.C. § 1292(d)(2), not the CDA, and we do not believe that we can assume the court's powers based on a mere inference. Such an expansive reading of our CDA powers conflicts with our precedent. For example, under the Rules of the Court of Federal Claims (RCFC), the court possesses authority (in CDA and other cases) to award attorney fees in a variety of situations. *See* RCFC 11, 16, 37, 45; 28 U.S.C. § 1927. We lack such authority. *ADT Construction Group, Inc.*, ASBCA No. 55358, 13 BCA ¶ 35,307 at 173,324.

Similarly, the Court of Federal Claims possesses authority to punish contempt of its authority by fine or imprisonment, 28 U.S.C. § 2521(b), a power that we lack. Accordingly, we reject PWC's contention that 41 U.S.C. § 7105(e)(2) and 28 U.S.C. § 1292(d)(2) provide us with the authority to certify interlocutory decisions.

PWC's motion to certify interlocutory questions is denied.

Dated: 7 March 2017

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58088, Appeal of Public Warehousing Company, K.S.C., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals